Freddie E. YARBROUGH *v.* DIRECTOR,
Employment Security Department and
Conway Transportation Services

E 01-161                                        61 S.W.3d 922

Court of Appeals of Arkansas
Division IV
Opinion delivered December 12, 2001

No brief filed by appellant.

*Phyllis A. Edwards*, for appellee.

JOHN B. ROBBINS, Judge. This is an appeal from a decision of the Arkansas Board of Review holding that appellant was disqualified to receive unemployment compensation for a period of eight weeks because he had been discharged from his last work for misconduct in connection with the work. We hold that there is no substantial evidence that supports the Board's decision and reverse.

Appellant Freddie Yarbrough was employed for over three years as an account executive in sales for appellee Conway Transportation Service. His employer held annual sales meetings that appellant was expected to attend. It was at the February 21-22, 2001, meeting that appellant was discharged. The sales meeting began at 7:30 a.m. each day. Appellant appeared timely the first day, but was tardy the second day. Johnny Thompson, appellee's service center manager, testified that appellant was forty-five to sixty minutes late, and the explanation appellant gave him was that he had set his alarm clock but his pet had somehow pulled the cord from the wall and he did

not wake up early enough to get to the meeting on time. Thompson said that this incident of not reporting on time was the terminating event, but there had been some overall attendance problems and some issues with his personal life.

Appellant acknowledged that it was mandatory to attend both days of the meeting, that there were alcoholic beverages served the evening of the first day of the meeting, and that he drank too much. He said when he arrived fifteen minutes late the second morning of the meeting, he was sent home without being given an opportunity to explain that his daughter's puppy knocked over his alarm clock.

The Board found that appellant was discharged for failing to report on time on the second day of the sales meeting, and further found that the "employer credibly testified that, due to personal problems, the claimant's attendance had declined and was generally unsatisfactory." Consequently, the Board concluded that appellant's conduct violated a standard of behavior the employer had a right to expect and constituted misconduct.

Our standard of review in cases from the Board of Review is as follows:

> On appeal, the findings of the Board of Review are conclusive if they are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it.

*Walls v. Director*, 74 Ark. App. 424, 427, 49 S.W.3d 670, 672 (2001). The statutory authority cited by the Board in its decision was Ark. Code Ann. § 11-10-514(a)(1) (Supp. 2001), which states that "an individual shall be disqualified for benefits if he was discharged from his last work for misconduct in connection with his work." In earlier decisions we have given the following definition to the term "misconduct:"

> [M]isconduct involves: (1) disregard of the employer's interests, (2) violation of the employer's rules, (3) disregard of the standards of

behavior which the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer.

To constitute misconduct, however, the definitions require more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good faith error in judgment or discretion. There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design.

*Nibco, Inc. v. Metcalf*, 1 Ark. App. 114, 118, 613 S.W.2d 612, 614 (1981); *see also Walls v. Director, supra.*

Showing up at work, whether at the plant, the office, or even a sales meeting, is certainly a standard of behavior that an employer has a right to expect of its employees. Even a single incident of missing work has been held to violate a standard of behavior that a restaurant employer had a right to expect and constituted employee misconduct. *Parker v. Ramada Inn & Daniels*, 264 Ark. 472, 572 S.W.2d 409 (1978). However, since *Parker* was decided by our supreme court, the applicable statute was amended, to-wit:

Arkansas Code Annotated section 11-10-514.

*Disqualification — Discharge for misconduct.*

(a)(1) If so found by the Director of the Arkansas Employment Security Department, an individual shall be disqualified for benefits if he is discharged from his last work for misconduct in connection with the work.

(2) *In all cases of discharge for absenteeism, the individual's attendance record for the twelve-month period immediately preceding the discharge and the reasons for the absenteeism shall be taken into consideration for purposes of determining whether the absenteeism constitutes misconduct.* (Italics added.)

■ The italicized sentence of subsection (2) was added by Act 482 in the 1983 legislative session. This amendment clearly evinces a public policy to require consideration of an employee's attendance record for the preceding twelve-month period when determining whether the employee's absence constitutes such misconduct as to

disqualify the employee from entitlement to unemployment compensation.

■ Appellant was not discharged for being absent; he was discharged for being tardy, sixty minutes at most. Surely, if a determination of misconduct for missing an entire work shift requires consideration of the employee's attendance history for the previous twelve months, a single incident of tardiness should receive no less consideration. The appellant's tardy arrival on this single occasion and the vague reference by appellant's manager to "some overall attendance problems" does not constitute substantial evidence that appellant intentionally violated his employer's requirements of punctuality so as to manifest wrongful intent or evil design. *See Walls v. Director, supra.*

We reverse and remand for an award of benefits.

GRIFFEN and ROAF, JJ., agree.