Michael L. KING *v.* DIRECTOR,
Employment Security Department and
Pulaski County Special School District

E 02-190                                  92 S.W.3d 685

Court of Appeals of Arkansas
Division IV
Opinion delivered December 4, 2002

*Appellant*, pro se.

No response.

JOHN B. ROBBINS, Judge. This is an appeal from a decision of the Arkansas Board of Review finding that appellant was disqualified to receive unemployment compensation because he was discharged from his last work for misconduct in connection with the work on account of dishonesty. We hold that there is no substantial evidence that supports the Board's decision and reverse.

Appellant Michael L. King was hired on September 25, 2000, as a carpenter's helper for appellee Pulaski County Special School District. Prior to being hired, Mr. King was asked on a questionnaire whether he had been convicted of any offense against the law, and he responded that he had not. In fact, Mr. King had pleaded guilty to conspiracy to deliver cocaine on June 24, 1995, for which he paid a fine and served two years' probation. When his employer discovered this fact in February 2002, Mr. King was discharged.

■ In its opinion denying benefits, the Board acknowledges that Mr. King "believed, as part of his plea agreement, that he was not required to disclose his conviction pursuant to Act 346 of 1975 and that his public defender told him everything was taken care of." However, the Board correctly notes that Mr. King's criminal record was never expunged. Prior to 1995, a person convicted under the Youthful Offender Alternative Service Act of 1975 was not required to petition for expungement upon completion of his sentence; rather it was a ministerial duty to be completed by the Commissioner of the Department of Correction. *See Irvin v. State*, 301 Ark. 416, 784 S.W.2d 763 (1990). In 1995, the relevant statute was amended to read:

> Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order which shall effectively dismiss the case, discharge the defendant, and expunge the record, *if consistent with the procedures established in § 16-90-901 et seq.*

Ark. Code Ann. § 16-93-303(b) (Supp. 2001) (emphasis ours). Pursuant to the italicized language above, expungement is no longer automatic, and further proceedings after completion of an offender's conditions are necessary. Mr. King was convicted after the 1995 amendment became effective and failed to take the necessary measures to have his record expunged. Thus, the Board found that his failure to disclose his conviction was a misrepresentation and constituted dishonesty.

██ ██ Pursuant to Ark. Code Ann. § 11-10-514(b) (Repl. 2002), if the Board finds that a person is discharged for dishonesty, he is disqualified for benefits until he has ten weeks of employment, in each of which he shall have earned wages equal to at least his weekly benefit amount. On appeal to this court, we will affirm the Board's findings if supported by substantial evidence. *Yarbrough v. Director*, 76 Ark. App. 231, 61 S.W.3d 922 (2001). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

In this case it is undisputed that when Mr. King represented that he had no criminal history his criminal record had not been expunged. But the issue is whether or not this misrepresentation constituted dishonesty. We hold that it did not.

██ In *Olson v. Everett, Director*, 8 Ark. App. 230, 650 S.W.2d 247 (1983), we defined dishonesty as "a disposition to lie, cheat or defraud; untrustworthiness; lack of integrity." *Id.* at 231, 650 S.W.2d at 248. In this case Mr. King did not lie or commit any act putting his trustworthiness or integrity at issue. Arkansas Code Annotated section 16-90-902 (Supp. 2001) provides:

> (a) An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored, shall be completely exonerated, and the record which has been expunged shall not affect any of his civil rights or liberties, unless otherwise specifically provided for by law.
>
> (b) Upon the entry of the uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.

Mr. King believed, albeit erroneously, that his record had been expunged and that he had been completely exonerated. Thus, he thought that he had the right to represent, on an application for employment, that he had never been convicted of a crime. Under these circumstances, there is no substantial evidence of dishonesty. A lie is "an assertion of something known or believed by the speaker to be untrue with intent to deceive." *Webster's Ninth New*

*Collegiate Dictionary* 689 (1991). As Mr. King had a good-faith belief that his assertion was true and did not make it with the intent to deceive, we must reverse the Board's decision denying benefits.

Reversed.

VAUGHT and BAKER, JJ., agree.