B. J. McADAMS, INC. *v.* Charles
L. DANIELS, Director, State of Arkansas
Department of Labor and Leroy McCRANEY

CA 79-346                                    600 S.W. 2d 418
Court of Appeals of Arkansas
Opinion delivered June 4, 1980
Released for publication June 25, 1980

*James W. Woods*, for appellant.

*Thelma Lorenzo*, for appellees.

JAMES H. PILKINTON, Judge. This is an unemployment compensation case. The appellant, employer below, has appealed a determination of the Arkansas Employment Security Board of Review which held appellee was not disqualified from benefits under the provisions of Section 5(b)(1) of the Arkansas Employment Security Act.

The claimant last worked for this employer as a truck driver on December 8, 1978. According to the appellant he was formally discharged on January 12, 1979, after having three accidents in an eleven-month period of time. The final accident occurred in Checotah, Oklahoma, on December 8, 1978. At that time the evidence shows that the claimant was driving approximately 35 miles per hour and slipped off in a ditch causing about $5,300 in damages to the employer's equipment. According to the testimony of the employer the appellee was a satisfactory employee except for the three accidents, and two other incidents, in which he was involved. These had an adverse effect on the cost of insurance coverage to the employer.

Section 5(b)(1) of the Arkansas Employment Security Act [Ark. Stat. Ann. § 81-1106(b)(1) (Repl. 1976)] provides a disqualification for claimants who are discharged from their last work for misconduct in connection with the work within the meaning of the above cited section of the law. The determination of the Appeals Tribunal was duly appealed to the Board of Review which affirmed the Appeals Tribunal determination allowing the claimant unemployment benefits. In the employer's appeal to the Board of Review, counsel argued that the claimant's involvement in what he termed "five chargeable (avoidable) incidents or accidents" during his tenure of employment as an over the road truck driver proves a patter or course of conduct which shows "the claimant was not only negligent but his actions in violating the policies and directives of the employer were willful." The employer-appellant introduced and relied on three separate exhibits. These were the completed "Report of Accident" forms per-

taining to each of the three motor vehicle accidents in which claimant-appellee was involved. The Board of Review in its written decision pointed out that none of the information contained in the accident reports suggests any objective basis or reliable data to support the employer's contention that "the three accidents were caused by claimant's negligence on the job." The Board of Review was persuaded that the weight of the evidence supports and sustains the conclusion that the employer's dissatisfaction with claimant arose from causes other than misconduct in connection with the work.

The Board of Review in its opinion made the following comments and findings:

> In order to justify a finding of misconduct it is generally held that the claimant's actions must have been within his control and his behavior such as to show an intentional breach of the claimant's obligation toward his employer. In the clear majority of jurisdictions having the same statutory language as Arkansas Section 5(b)(1), qualifying employees from unemployment benefits who have been discharged for misconduct, the Courts follow the definition of misconduct as construed by the Wisconsin Supreme Court in *Boynton Cab Co.* v. *Neubeck*, 237 Wis. 249, 296 N.W. 636 (1941) as follows:
>
>> '... the intended meaning of the term 'misconduct' ... is limited to conduct evincing such wilful or wanton disregard of standards of behavior which the employer has a right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed 'misconduct' within the meaning of the statute.'

In this case the Board of Review decided that the precipitating cause for appellee's discharge on January 12, 1979, was the final accident on December 8, 1978, which one of the employer's own exhibits tends to indicate was caused primarily by weather conditions with "no evidence of negligence" on claimant's part. The Board of Review determined that claimant is not disqualified for benefits under the provisions of Section 5(b)(1) of the Arkansas Employment Security Act. The only question before this court on appeal is whether there is substantial evidence to support the findings of fact of the Board of Review. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978). A careful study of the record indicates that there is substantial evidence in this record to support the findings and decision of the Board of Review that appellant was discharged for the convenience of his employer, and not for misconduct, within the meaning of the act, in connection with the work.

Affirmed.