Gary JEFFREYS *v.* William F. EVERETT, Director
of Labor, and CRESCENT HOTEL

E 82-132                                      640 S.W.2d 465

Court of Appeals of Arkansas
Opinion delivered October 20, 1982

*M. E. Reger,* for appellant.

*Alinda Andrews,* for appellees.

LAWSON CLONINGER, Judge. Claimant, Gary Jeffreys,
was disqualified for unemployment benefits by a decision of
the Arkansas Board of Review under the provisions of
Section 5 (b) (1) of the Arkansas Employment Security Act,
Ark. Stat. Ann. § 81-1106 (b) (1) (Repl. 1976), upon a finding
that he was discharged from his last work for misconduct in
connection with his work. Claimant's maximum potential
benefits were also reduced eight times his weekly benefit
amount under Section 3 (d) of the Act, Ark. Stat. Ann. §
81-1104 (d) (Supp. 1981). Claimant appeals the decision of
the Board, charging that most of the employer's testimony
was hearsay, and that there is no substantial evidence to
support the decision of the Board.

We find no error and the decision of the Board is affirmed.

At the hearing before the Appeal Tribunal, a representative of the employer appeared, and a portion of her evidence was read from a statement prepared by another employee. However, the representative present, Patsy Van Asten, knew some of the facts relative to claimant's discharge from personal knowledge, and claimant himself testified to facts from which misconduct could be inferred.

It is uncontroverted that claimant was a desk clerk at the Crescent Hotel in Eureka Springs and that he worked a shift from 4:00 p.m. to midnight. He had been discharged in August, 1981 for excessive absenteeism, but was rehired the next month with the warning that unexcused absences and tardiness would not be tolerated. The act which prompted claimant's discharge occurred on December 4, 1981, at which time claimant was four hours late for his shift.

In *Parker* v. *Ramada Inn*, 264 Ark. 472, 572 S.W.2d 409 (1978), the Arkansas Supreme Court stated:

> A single incident of missing work has ordinarily been considered misconduct within the meaning of the Employment Security Laws when the failure to report and appear for work involves a disregard of standards of behavior which the employer has a right to expect.

In addition to the one incident of being four hours late for his shift, the employer representative at the hearing testified that claimant had " . . . been an actor with the Passion Play a great deal of his time away from his duties at the hotel," and at the hearing the following exchange took place:

> Van Asten: What happened to the two weeks in August that you were laid off because of absenteeism?
>
> Claimant: Because of one day missed. Correct?
>
> Van Asten: That's your statement.

Claimant: Is that not right?

Van Asten: No, it isn't right, Gary.

The situation presented a question of fact for the Board of Review, and it is the responsibility of the Board, not this court, to interpret the facts. There was substantial evidence to justify the Board in finding that claimant's conduct involved a disregard of standards of behavior which the employer had a right to expect.

The decision of the Board of Review is affirmed.