Vickey Lee FULGHAM *v.* DIRECTOR, Employment
Security Department, and Regal Ware, Inc.

E 95-124                                    918 S.W.2d 186

Court of Appeals of Arkansas
Division III
Opinion delivered March 6, 1996

*Appellant*, Pro Se.

*Allan Pruitt*, for appellees.

JOHN F. STROUD, JR., Judge. Appellant, Vickey Fulghum, applied for unemployment compensation benefits after she was discharged by her employer, Regal Ware, Inc., for being involved in a fight with another employee. The Arkansas Employment Security Division determined that appellant was not entitled to benefits under Ark. Code Ann. § 11-10-514 (Supp. 1995) because she was fired for misconduct connected with the work on account of willful violation of the rules of her employer. She appealed that determination to the Arkansas Appeal Tribunal, which reversed the Division's finding and awarded appellant benefits. Regal appealed the Tribunal's decision to the Board of Review, which reversed the Tribunal's findings and found that appellant was disqualified for benefits because she was involved in a fight in willful violation of Regal's rules. We reverse.

The Board of Review's decision was based solely on the record of the proceedings before the Appeal Tribunal. Appellant was the only eyewitness to the incident who testified at the hearing before the Tribunal. She stated that she was returning to her work station after borrowing a piece of gum from another employee when her co-worker Aram Koger walked past her. When she walked past Ms. Koger, they bumped into each other. Ms. Koger said, "You better watch out," and appellant replied, "[You] watch out." Appellant then turned around and began walking back to her station. She heard someone following her and turned around and said, "Yes?" Then Ms. Koger slapped her and appellant pulled Ms. Koger's hair. The two fell to the floor in a scuffle which was broken up by other employees.

Charlene Brown, a human resource assistant for Regal, testified that the other employees who witnessed the event did not see anything until both women were on the floor. When asked why appellant was terminated, she stated:

> Our employee rules of conduct, and we cover this in every pre-employment orientation, [state that if] there is any fighting on company property at all that is grounds for immediate termination, there are no exceptions. Both parties are terminated. And all indications point that Ms. Koger was the aggressor but company policy says that both employees must be terminated.

Ms. Brown never disputed appellant's claim that she acted in self-defense nor did she offer any evidence to rebut the claim of self-defense.

The Board of Review found that appellant was discharged from work for misconduct connected with the work on account of a willful violation of the rules of the employer. A person is disqualified from benefits if she is discharged from her last work for misconduct in connection with the work. Arkansas Code Annotated § 11-10-514(a)(1) (Supp. 1995). "Misconduct," for purposes of unemployment compensation, involves: (1) disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior which the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer. *George's Inc.* v. *Director*, 50 Ark. App. 77, 900

S.W.2d 590 (1995). There is an element of intent associated with a determination of misconduct. *Id.* Mere good-faith errors in judgment or discretion and unsatisfactory conduct are not considered misconduct unless they are of such a degree of recurrence as to manifest culpability, wrongful intent, evil design, or intentional disregard of an employer's interest. *Id.* Whether the employee's acts are willful or merely the result of unsatisfactory conduct or unintentional failure of performance is a fact question for the Board to decide. *Id.*

■ On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. *George's Inc.* v. *Director*, 50 Ark. App. 77, 900 S.W.2d 590 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Our review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

The Board found:

> the evidence fails to establish that the claimant did not have the opportunity to retreat, or that the response to the slap was self-defense. Thus, while the claimant might feel that her actions of retaliation were justified, misconduct is established.

Upon our review of the record in this case, we hold that there was no relevant evidence from which reasonable minds could conclude that appellant manifested the requisite culpability for her violation of Regal's rules to constitute misconduct. There is no evidence in the record to indicate that she harbored any wrongful intent, evil design, or intentional disregard of her employer's interest.

■■ The facts of this case are parallel to those in *Hodges* v. *Everett, Director*, 2 Ark. App. 125, 617 S.W.2d 29 (1981), in which we stated:

> It may well be that the employer is justified in having a rule making any employee engaging in a fight subject to discharge, but the existence of such rule does not

necessarily mean that the discharged employee is guilty of misconduct within the meaning of the Arkansas Employment Security Law. There is no evidence in this case that appellant knew of a rule against self defense, but even if she had known, legitimate self defense would not disqualify her for unemployment benefits. Furthermore, there is no substantial evidence to indicate that appellant struck her attacker, or do more than hold her by the hair. The right of self defense is recognized under English common law and by Arkansas statutory law, and is universally accepted. It is a right the exercise of which cannot be said to be an act of wanton or willful disregard of the employer's interest. There is no substantial evidence to support the Board of Review's finding that appellant was guilty of misconduct, and she is entitled to unemployment benefits. (Internal citations omitted.)

In this case, as in *Hodges*, there is no doubt that appellant violated one of her employer's rules. However, there is not substantial evidence to support the Board of Review's finding that appellant was guilty of misconduct.

Reversed and remanded.

MAYFIELD and NEAL, JJ., agree.