Vivian A. KIMBLE *v.* DIRECTOR, Arkansas Employment Security Department, and Willis Shaw Express

E 97-50                                                      959 S.W.2d 66

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered December 22, 1997

---

JUDITH ROGERS, Judge. This is an appeal from a decision of the Board of Review denying unemployment compensation benefits based on a finding that appellant, Vivian Kimble, was discharged for misconduct connected with the work. At issue in this case, which is submitted without supporting briefs, is whether the Board's finding of misconduct is supported by substantial evidence. We affirm the decision of the Board.

Appellant worked for Willis Shaw Express as a long distance truck driver from January 26, 1996, to October 18, 1996. It is undisputed that she was discharged after having had five accidents in a six-month period, the first occurring on April 4 and the last on October 14. There was testimony that the employer characterized each of the accidents as "preventable." In at least two of the accidents, appellant hit stationary objects. In the first, she made a turn too sharply and damaged the trailer she was hauling. In the second accident, she hit a parked vehicle. She next damaged some pavement while making a turn. In the fourth accident, she backed into a vehicle that was parked at a fuel pump. Last, appellant struck another vehicle while making a right-hand turn.

The employer had written policies governing the standards of conduct expected of its employees. One such policy warned that the failure to safely operate equipment entrusted to an employee's care could result in disciplinary action or the loss of one's job. After the fourth accident, appellant was placed on probation, and she was warned that another incident could result in the termination of her employment. In her testimony, appellant admitted that

each of the accidents was her fault, but she denied that she had "deliberately set out to have accidents."

■ "Misconduct," for purposes of unemployment compensation, involves: (1) disregard of the employer's interest; (2) violation of the employer's rules; (3) disregard of the standards of behavior which the employer has the right to expect; and (4) disregard of the employee's duties and obligations to her employer. *Rucker v. Director*, 52 Ark. App. 126, 915 S.W.2d 315 (1996). There is an element of intent associated with a determination of misconduct. *Fulgham v. Director*, 52 Ark. App. 197, 918 S.W.2d 186 (1996). Mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, ordinary negligence, or good-faith errors in judgment or discretion are not considered misconduct for unemployment insurance purposes unless it is of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an employer's interest or of an employee's duties and obligations. *Willis Johnson Co. v. Daniels*, 269 Ark. 795, 601 S.W.2d 890 (Ark. App. 1980). *See also Shipley Baking Co. v. Stiles*, 17 Ark. App. 72, 703 S.W.2d 465 (1986); *Arlington Hotel v. Director*, 3 Ark. App. 281, 625 S.W.2d 551 (1981).

In the present case, the Board concluded that a preponderance of the evidence established a pattern of recurring negligence rising to the level of misconduct. The Board predicated its decision on the number of accidents that occurred in a short time span and appellant's own testimony that she was at fault.

■ The issue of misconduct is a question of fact for the Board of Review to determine. *Tenenbaum v. Director*, 32 Ark. App. 43, 796 S.W.2d 348 (1990). On appeal, the findings of fact made by the Board are conclusive if they are supported by substantial evidence. *George's Inc. v. Director*, 50 Ark. App. 77, 900 S.W.2d 590 (1995). Substantial evidence is defined as such evidence as a reasonable person might accept as adequately supporting a conclusion. *Calvin v. Director*, 31 Ark. App. 74, 787 S.W.2d 701 (1990). We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's

findings. *Perdrix-Wang v. Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993). Even where there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

■ It is generally recognized that unemployment benefits may be denied a discharged employee-driver based on a finding of misconduct where motor vehicle accidents are chargeable to negligence which has occurred periodically or with consistent regularity.[1] 76 AM. JUR. 2d, *Unemployment Compensation* § 84. But even numerous accidents will not support a finding of misconduct where evidence is lacking that the accidents were due to the employee's negligence. *Id.* The case of *B.J. McAdams v. Daniels*, 269 Ark. 693, 600 S.W.2d 418 (Ark. App. 1980), is illustrative of this latter point. There, the claimant had three accidents in an eleven-month period. We affirmed the Board's award of benefits based on the lack of evidence demonstrating recurring negligence from which misconduct could be inferred, when the last accident was attributable to weather conditions, and not the negligence of the claimant.

■ By contrast here, however, the appellant had five "preventable" accidents in a brief, six-month period for which she admitted fault. We also note that appellant performed her job without incident prior to the spate of accidents. On this record, we hold that, despite appellant's claim that she did not deliberately set out to have accidents, the number, frequency, and nature of the accidents satisfy the elements necessary to support a finding of misconduct. Quite apart from isolated instances of ordinary negligence, the evidence shows a recurring pattern of carelessness from which the Board was permitted to infer a manifest indifference that constitutes a substantial disregard of her employer's interests, as well as a substantial disregard of her duties and obligations to the employer. Therefore, we cannot say that there is no substantial evidence to support the denial of benefits.

---

[1] *See, e.g., Schappe v. Unemployment Compensation Board of Review*, 392 A.2d 353 (Pa. Commw. Ct. 1978).

Affirmed.

PITTMAN, JENNINGS, and MEADS, JJ., agree.

ROBBINS, C.J., and NEAL, JJ., dissent.

JOHN B. ROBBINS, Chief Judge, dissenting. I disagree with the prevailing opinion of this court, which today holds that Mrs. Vivian Kimble's accidents were tantamount to intentional misconduct and render her ineligible for unemployment compensation benefits.

Mrs. Kimble was employed by Willis Shaw Express as a long-distance truck driver. In the words of Allen Roller, vice president of Shaw's human resources and safety departments, "She delivered freight to all forty-eight states," in a "semi-tractor trailer." The record does not reflect the distance Mrs. Kimble drove her tractor-trailer rig during the nine months that she worked for Shaw, or the number of miles that the driver of an eighteen-wheeler could reasonably be expected to drive without experiencing an accident. We only know that Mrs. Kimble was involved in a total of five accidents over the course of her employment, with the last accident triggering her discharge.

There is a significant difference between the misconduct that disqualifies a worker from unemployment compensation and mere unsatisfactory job performance. I will not repeat here the definition of "misconduct" for purposes of unemployment compensation inasmuch as the prevailing opinion has quoted the definition we gave this term in *Rucker v. Director*, 52 Ark. App. 126, 915 S.W.2d 315 (1996). It must be noted, however, that misconduct involves an element of intent. *Fulgham v. Director*, 52 Ark. App. 197, 918 S.W.2d 186 (1996).

The prevailing opinion emphasizes that the accidents in which Mrs. Kimble was involved were "preventable" and that Mrs. Kimble admitted fault. Just because an accident is "preventable," i.e., in hindsight something could have been done differently and the accident would not have happened, does not alter the fact that the accident was only an accident. It was not disputed that Mrs. Kimble had the five accidents. Mrs. Kimble testified, however, that they were "just that, they were accidents. . . . They

were my fault accidents, but they were, there was nothing willful on my part." Mr. Roller also testified that Mrs. Kimble "wasn't intentionally trying to have the accidents," and that "Vivian's a real fine person, but we just had to make the decision because of the number of preventables."

Shaw Express may have acted prudently and reasonably in deciding to terminate Mrs. Kimble from employment as a long distance truck driver because she may be a poor driver. However, there is simply no substantial evidence to support a determination by the Board of Review that Mrs. Kimble's conduct was tantamount to an intentional disregard of her employer's interest so as to label her job performance "misconduct."

I would reverse and remand this case to the Board of Review with directions that Mrs. Kimble be awarded unemployment compensation benefits.

NEAL, J., joins in this opinion.