94 S.W.3d 362 (2002)
80 Ark.App. 275
Imogene I. OLIVER
v.
DIRECTOR, EMPLOYMENT SECURITY DEPARTMENT and Tyson Foods.
No. E 02-085.
Court of Appeals of Arkansas, Divisions III, IV.
December 23, 2002.
*363 Appellant, pro se.
Phyllis A. Edwards, General Counsel, for appellees.
WENDELL L. GRIFFEN, Judge.
Imogene Oliver appeals from the Arkansas Board of Review decision denying her claim for unemployment compensation benefits upon a finding that she was discharged from her job for misconduct in connection with her work. Appellant contends that the Board's decision was not supported by substantial evidence. We hold that substantial evidence does not support the Board's conclusion that appellant displayed disregard for her obligation to her employer. Accordingly, we reverse and remand for an order to be entered for payment of benefits.
Appellant began working at Tyson Foods in September 1998 and was employed in the production department. Under Tyson Foods's attendance policy, an employee with six occurrences would be terminated. An employee receives an occurrence when the employee is late to work, leaves early from work, or misses work for an unexcused reason. Between November 1, 2000, and December 1, 2002, appellant was absent from work for a total of approximately seventy-eight (78) days under the Family Medical Leave Act (FMLA), which were excused absences and for which no occurrences were received. Included within these days were two periods of approved extended medical leave: July 20, 2001, through August 6, 2001, and August 14, 2001 through September 13, 2001. However, appellant acquired *364 occurrences for the following reasons and dates set out below:
1. November 27, 2000Late because of transportation problems½ occurrence
2. March 21, 2001Absent, non-qualified family FMLA½ occurrence
3. March 30, 2001Absent, personal reasons1 occurrence
4. June 15, 2001Absent, personal reasons1 occurrence
5. August 13, 2001Left early, non-qualified FMLA1 occurrence. Appellant either did not have documentation or was over the 480 hours allowed for FMLA.
6. September 14, 2001Left early to go to the doctor, non-qualified FMLA ½ occurrence. Appellant was over the 480 hours allowed for FMLA.
7. September 20, 2001Late because had a doctor's appointment, non-qualified FMLA½occurrence. Appellant did not have documentation.
8. November 19, 2001Absent, personal reasons, illness1 occurrence.
On November 20, 2001, appellant was terminated for excessive occurrences, having acquired six occurrences, the last due to illness. She filed a claim for unemployment benefits with the Employment Security Department, which was denied.
Appellant appealed to the Appeal Tribunal. At the hearing, appellant testified that she had a spastic colon and that she was absent from work so much because the medication she had been taking caused her to have problems with her digestive system and with excessive diarrhea. According to appellant, the error in her medication was not discovered and corrected until she began seeing another doctor, which occurred while she was on her second extended medical leave period between August 14, 2001, through September 13, 2001. In addition, appellant testified that on November 27, 2000, she was late to work because of transportation problems; that on March 21, 2001, she left work early because of a family situation; and that on August 13, 2001, she left work early after receiving a phone call that her daughter, who was bedridden because of pregnancy complications, needed assistance.
The Appeal Tribunal reversed the Department's determination and awarded benefits. However, the Board of Review reversed the decision of the Appeal Tribunal after finding that appellant's absences for personal reasons and her tardiness due to lack of transportation, which caused her to exceed the maximum number of occurrences, were within her control and thus, displayed disregard for her obligation to the employer. As such, the Board concluded that appellant had been discharged from work because of misconduct in connection with the work and denied appellant's claim for unemployment benefits.
On appeal, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings, and we will affirm the Board's decision if it is supported by substantial evidence. Hiner v. Director, Ark. Empl. Sec. Dep't, 61 Ark.App. 139, 965 S.W.2d 785 (1998). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Perdrix-Wang v. Director, Employment Sec. Dep't, 42 Ark. App. 218, 856 S.W.2d 636 (1993). Even when there is evidence upon which the Board of Review might have reached a different decision, the scope of our review is limited to a determination of whether the Board reasonably could have reached the decision it did based upon the evidence before it. Id.
*365 Arkansas Code Annotated section 11-10-514(a)(1) (Repl.2002) provides in relevant part that an individual will be disqualified for benefits if discharged from work for misconduct in connection with that work. For the purposes of unemployment compensation, misconduct is defined as (1) disregard of the employer's interest; (2) violation of the employer's rules; (3) disregard of the standards of behavior which the employer has the right to expect; and (4) disregard of the employee's duties and obligations to the employer. Rucker v. Price, 52 Ark.App. 126, 915 S.W.2d 315 (1996). There is an element of intent associated with a determination of misconduct. Fulgham v. Director, Employment Sec. Dep't, 52 Ark.App. 197, 918 S.W.2d 186 (1996). Therefore, for an individual's actions to constitute misconduct sufficient to disqualify him or her from benefits, the actions must be deliberate violations of the employer's rules or acts of wanton or willful disregard of the standard of behavior that the employer has a right to expect of its employees. Kimble v. Director, Ark. Empl. Sec. Dep't, 60 Ark. App. 36, 959 S.W.2d 66 (1997). When an individual is discharged for absenteeism, "the individual's attendance record for the twelve-month period immediately preceding the discharge and the reasons for the absenteeism shall be taken into consideration for purposes of determining whether the absenteeism constitutes misconduct." Ark.Code Ann. § 11-10-514(a)(2) (Repl. 2002).
The record in this case clearly reflects that appellant's absenteeism did not amount to misconduct which would warrant forfeiture of her rights to unemployment compensation. The majority of appellant's absences were due to sickness, which even the Board recognized was beyond her control. On each of the days that appellant was absent, she telephoned Tyson Foods to inform them that she would not be at work. The situations for which she received two-and-one-half (2½) of the occurrences were related to her illness or a family member's illness and were considered unexcused because of lack of documentation or because she had exhausted all of her FMLA hours. There is no evidence that appellant's conduct amounted to a willful disregard for the employer's interest, an intentional disobedience of the workplace rules, or any similar actions manifesting misconduct. Therefore, we hold that there was no substantial evidence of misconduct. We reverse the Board of Review and order payment of unemployment benefits.
Reversed and remanded.
STROUD, C.J., ROBBINS, BIRD, NEAL and BAKER, JJ., agree.
PITTMAN, HART and ROAF, JJ., dissent.
ANDREE LAYTON ROAF, Judge, dissenting.
I would reverse and remand this case to the Board of Review for further findings consistent with this decision. While I agree with the majority that substantial evidence does not support the Board's conclusion that Imogene Oliver's absenteeism rose to the level of misconduct, this is because the Board concluded that Oliver exceeded the maximum number of "occurrences" during her tenure with Tyson, a conclusion that the Appeal Tribunal did not reach in its decision to award Oliver benefits. It appears from the Board's opinion that it accepted the employer's testimony on this point, and there is no indication that the Board reviewed Tyson's somewhat complex attendance policy, and recitation by the employer's witness of Oliver's absences, including excused and non-excused, to determine if the policy was in *366 fact violated. It is not readily apparent from a review of the transcript in this case that it was. We do not conduct de novo review of employment cases, see Barber v. Director, 67 Ark.App. 20, 992 S.W.2d 159 (1999). Consequently, I would not conduct this review, but would remand to the Board for further consideration of this issue.
I further note that our case law indicates that misconduct for absenteeism has been found where the absences have not been reported or called on in advance, see Victor Indus. Corp. v. Daniels, Dir., 1 Ark.App. 6, 611 S.W.2d 794 (1981), or excessive due to other personal activities, see Jeffreys v. Everett, Dir., 6 Ark.App. 265, 640 S.W.2d 465 (1982). Here, the vast majority of Oliver's absences were due to medical problems, bona fide family leave, and all apparently were properly reported.
PITTMAN and HART, JJ., join.