# Bill CLARK, Jr. v. DIRECTOR, Employment Security Department, and Coca-Cola Bottling Company

E03-173                                                    126 S.W.3d 728

Court of Appeals of Arkansas
Division IV
Opinion delivered October 29, 2003

*Appellant, pro se.*

*Allan Franklin Pruitt,* for appellee Director.

KAREN R. BAKER, Judge. Appellant, Bill Clark, Jr., was discharged from his job as a truck driver for Coca-Cola Bottling Co., for safety violations. The employer has a safety policy providing for discharge of a driver who accumulates more than a certain number of points for driving accidents. Appellant began work for the employer on February 4, 2002. He had four accidents between March 6, 2002, and January 10, 2003, accumulating more than the maximum allowed by the safety policy. Each of the accidents occurred when appellant was backing up his truck and ran into something. Each of the accidents was minor with no reported injuries to people. The Board of Review disqualified appellant from receiving unemployment benefits for eight weeks, finding that he was discharged from his last work for misconduct in connection with the work. The Board explained the disqualification as follows:

> Although the Appeal Tribunal found that there was no evidence that the claimant was negligent, the evidence establishes that each of the accidents occurred when the claimant was backing up and struck a stationary object. Clearly it was the claimant's negligence, and not some action by the stationary object, which caused the accident. In addition, the evidence establishes that the claimant repeatedly made the same error. As such, the Board finds that the claimant's actions demonstrate more than ordinary negligence in isolated instances, and instead, show such repetition as to demonstrate a wrongful intent or design.

The Board's focus on the causal connection between the accident and actions of the driver, or a stationary object, is not the question that must be addressed. The question is whether the action by the driver demonstrated wrongful intent or evil design rising to the level of misconduct sufficient to disqualify him from receiving unemployment benefits. For the reasons stated herein, we reverse and remand with instructions to award benefits.

■ On appeal, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings, and we will affirm the Board's decision if it is supported by substantial evidence. *Hiner v. Director, Ark. Empl. Sec. Dep't*, 61 Ark. App. 139, 965 S.W.2d 785 (1998). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Perdrix-Wang v. Director, Empl. Sec. Dep't*, 42 Ark. App. 218, 856 S.W.2d 636 (1993).

Even when there is evidence upon which the Board of Review might have reached a different decision, the scope of our review is limited to a determination of whether the Board reasonably could have reached the decision it did based upon the evidence before it. *Id.*

██ Arkansas Code Annotated section 11-10-514(a)(1) (Repl.2002) provides in relevant part that an individual will be disqualified for benefits if discharged from work for misconduct in connection with that work. For the purposes of unemployment compensation, misconduct is defined as (1) disregard of the employer's interest; (2) violation of the employer's rules; (3) disregard of the standards of behavior which the employer has the right to expect; and (4) disregard of the employee's duties and obligations to the employer. *Rucker v. Price*, 52 Ark. App. 126, 915 S.W.2d 315 (1996). There is an element of intent associated with a determination of misconduct. *Fulgham v. Director, Empl. Sec. Dep't*, 52 Ark. App. 197, 918 S.W.2d 186 (1996). Therefore, for an individual's actions to constitute misconduct sufficient to disqualify him or her from benefits, the actions must be deliberate violations of the employer's rules or acts of wanton or willful disregard of the standard of behavior that the employer has a right to expect of its employees. *Kimble v. Director, Ark. Empl. Sec. Dep't*, 60 Ark. App. 36, 959 S.W.2d 66 (1997). *See also Oliver v. Director, Emplo. Sec. Dept.* 80 Ark. App. 275, 94 S.W.3d 362 (2002).

██ On appeal, we are not limited to a "rubber stamp" review of decisions arising from the Board of Review. Instead, where we have reviewed cases involving "misconduct" and have found insubstantial evidence to support the findings of the Board, we have not hesitated to reverse. *See, e.g., Oliver v. Director Empl. Sec. Dep't*, 80 Ark. App. 275, 94 S.W.3d 362 (2002) (absenteeism did not amount to misconduct that would warrant forfeiture of right to unemployment compensation); *King v. Director Empl. Sec.*, 80 Ark. App. 57, 92 S.W.3d 685 (2002) (misrepresentation on job application that involved mistaken belief about expungement was not disqualifying dishonesty); *Yarbrough v. Director*, 76 Ark. App. 231, 61 S.W.3d 922 (2001) (minor tardiness at sales meeting did not constitute misconduct to ban unemployment benefits); *Rollins v. Director*, 58 Ark. App. 58, 945 S.W.2d 410 (1997) (the claimant's use of "harsh and provocative" words held to have not risen to the level of misconduct); *Blackford v. Arkansas Empl. Sec. Dep't*, 55 Ark.

App. 418, 935 S.W.2d 311 (1996) (claimant did not intentionally withhold information vital to the employer's interest, nor was deliberately inefficient, nor was guilty of such negligence as to be deemed in deliberate violation of the employer's rules); *Carraro v. Director*, 54 Ark. App. 210, 924 S.W.2d 819 (1996) (claimant's actions did not amount to misconduct).

The question in this case is whether a truck driver's involvement in motor-vehicle accidents during working hours, which were attributable to the employee's negligence, constituted work-related misconduct sufficient to bar the employee from receiving unemployment compensation.

■ To constitute misconduct, the definitions require more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith error in judgment or discretion. *Nibco, Inc. v. Metcalf*, 1 Ark. App. 114, 118, 613 S.W.2d 612, 614 (1981). There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Id.*

In rendering its decision, the Board cited the standard set forth in *Nibco, supra*, and *Kimble v. Director, Arkansas Empl. Sec. Dep't*, 60 Ark. App. 36, 959 S.W.2d 66 (1997). In *Kimble*, the court held that a truck driver involved in five accidents in six months, all of which were attributable to her negligence, evidenced such disregard for the interests of her employer that she was discharged for misconduct relating to her work and was therefore unable to receive unemployment compensation. In affirming the Board's finding of misconduct, this court in *Kimble* did not rely solely on the driver's liability. We emphasized that even numerous accidents will not alone support a finding of misconduct. Instead, the court contrasted the driver's previous work performance, which indicated that she performed her job without incident prior to the spate of accidents, with the high number of incidents in a short time span. The driver's performance prior to the series of accidents was evidence that the driver had the ability and capacity to perform her job duties. Therefore, the evidence showed a pattern of carelessness from which one could infer an indifference that constituted a substantial disregard of the employer's interest as well as of the driver's duties and obligations to the employer.

Unlike *Kimble*, nothing in the record in this case indicates that the driver had an accident-free period from which the Board could conclude that he had the capacity and ability to back his truck up without incident, but deliberately failed to act within his ability. The first accident occurred in March after he was hired in February. The only time he was involved in accidents is when he was backing up his truck.

■ The Board found that appellant violated the employer's written policy limiting the number of accidents occurring within a specified time and that this constituted misconduct sufficient to create a statutory bar to benefits. It is true that appellant violated the employer's policy by exceeding the number of accidents allowed. However, we hold that there is no evidence that appellant ever intentionally violated the rules so as to manifest wrongful intent or evil design, or engaged in conduct from which the Board could infer wrongful intent or evil design. *See Walls v. Director, Empl. Sec. Dep't*, 74 Ark. App. 424, 426-27, 49 S.W.3d 670, 672-73 (2001)(reversing Board finding no evidence of intentional violation of written policy regarding absenteeism); *B.J. McAdams, Inc. v. Daniels*, 269 Ark. 693, 600 S.W.2d 418 (Ark. App.1980) (holding that mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute applied to award of benefits to truck driver having three accidents in 11-month period of time).

At the most, the evidence supports finding an inability of the driver to safely back up without incident. The driver accepted full responsibility for the first accident, saying that he was hurrying too much to get the job done. For the second incident, he backed into a dumpster that pushed into a wall. His undisputed testimony was that there was no damage to the wall, dumpster, or truck from this accident. In the third accident, he backed over concrete posts that had been recently installed in a place commonly used by the truck drivers to turn around. In the last accident, appellant's rear tire barely hit the bumper of another truck and the bumper was bent back into place by the drivers.

 While the employer may have acted prudently and reasonably in deciding to terminate appellant from employment as a truck driver, there is simply no substantial evidence to support a determination by the Board that appellant's conduct amounts to an intentional disregard of his employer's interest. As such, we reverse and remand this case for an award of benefits.

Reversed and remanded for an award of benefits.

VAUGHT and CRABTREE, JJ., agree.