# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-14-98

| | |
|---|---|
| | **Opinion Delivered** August 27, 2014 |
| MARGARET JONES | APPEAL FROM THE ARKANSAS |
| APPELLANT | BOARD OF REVIEW |
| | [NO. 2014-BR-00084] |
| V. | |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, and PACKERS SANITATION SVC INC. LTD. | |
| APPELLEES | REVERSED AND REMANDED |

**BRANDON J. HARRISON, Judge**

Margaret Jones appeals the Arkansas Board of Review's decision to deny her unemployment benefits. The issue is whether Jones was discharged from Packers Sanitation for misconduct; if she committed misconduct, then she gets no benefits. But she did not engage in misconduct when she missed four days of work due to an undisputed illness that the employer knew about from the get go. So we reverse the Board's denial and remand for an award of benefits.

I.

Margaret Jones worked at Packers Sanitation from May 2011 until she was fired in October 2013. The circumstances of her firing were addressed during an Appeal Tribunal hearing in December 2013.

Jones was the only party who testified during the hearing, and she told the hearing officer that she was discharged because her employer said that she left work without

permission. Jones said that she left work because she was sick and that a manager, Andre Johnson, was in the hallway when she was vomiting. Although she did not tell her immediate supervisor that she was leaving due to illness, Jones said that she told Johnson that she was ill and needed to go home and that Johnson held a position superior to Jones's immediate supervisor. The record does not contain a written attendance policy.

That Jones became ill at work is essentially undisputed. For when Jones told the hearing officer that a co-worker saw her vomiting and could testify what happened, the hearing officer replied: "Well, you've already testified to that, and your testimony is credible, so you don't need a witness for that." Jones was absent four days, and she testified that she called in each day she was absent. Nothing in the record contradicts Jones's memory that she kept her employer informed about the basic course of her illness.

Packers Sanitation told Jones that she needed to bring a doctor's excuse with her when she returned. Jones admittedly did not produce a note. According to Jones, her doctor would not accept her insurance because she had not met her deductible; and she could not otherwise afford the $200 visit.

The Appeal Tribunal's decision, which the Board adopted, stated:

> The claimant was discharged by the employer for leaving her work without permission. The claimant provided testimony that although she did not notify her immediate supervisor, she did notify his supervisor. The claimant was absent for four days and failed to provide a doctor's excuse as advised by the employer. By being absent for four days without providing a doctor's excuse, the claimant's actions were not in the best interests of the employer. Therefore, the claimant was discharged from last work for misconduct in connection with the work.

## II.

The employer must prove misconduct by a preponderance of the evidence. *Grigsby v. Everett*, 8 Ark. App. 188, 191 649 S.W.2d 404, 406 (1983). Arkansas Code Annotated section 11-10-514(a) (Repl. 2012) provides in part:

> (2) In cases of discharge for absenteeism, the individual shall be disqualified for misconduct in connection with the work if the discharge was pursuant to the terms of a bona fide written attendance policy with progressive warnings, regardless of whether the policy is a fault or no-fault policy.

> (3)(A) Misconduct in connection with the work includes the violation of any behavioral policies of the employer as distinguished from deficiencies in meeting production standards or accomplishing job duties, and

> (B) Without limitation:

> > (i) Disregard of an established bona fide written rule known to the employee; or

> > (ii) A willful disregard of the employer's interest.

Our caselaw has long interpreted misconduct to include: "(1) disregard of the employer's interests, (2) violation of the employer's rules, (3) disregard of the standards of behavior which the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer." *Nibco, Inc. v. Metcalf*, 1 Ark. App. 114, 118, 613 S.W.2d 612, 614 (1981). But mere unsatisfactory conduct, ordinary negligence, or good-faith errors in judgment or discretion are not misconduct unless they are of such a degree or recur so often as to manifest wrongful intent, evil design, or an intentional disregard of the employer's interests. *Maxfield v. Dir., Ark. Emp't Sec. Dep't*, 84 Ark. App. 48, 129 S.W.3d 298 (2003).

Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. *Garrett v. Dir., Dep't of Workforce Servs.*, 2014 Ark. 50. This court affirms the Board's decision if it is supported by substantial evidence. *Id.* Substantial evidence is relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* We view the evidence and all reasonable inferences in the light most favorable to the Board's findings. *Id.* Even if the evidence could support a different decision, we ask only whether the Board could have reasonably reached its decision based on the evidence presented. *Id.*

### III.

The Board's decision that Jones was ineligible for benefits because she failed to get a doctor's note to excuse her absences is unreasonable. Similar legal ground has been plowed before. In *Walls v. Director, Employment Security Department*, 74 Ark. App. 424, 49 S.W.3d 670 (2001), for example, we reversed the Board's misconduct determination because the evidence showed that, while employee Walls had violated the employer's written policy requiring notice of absences, there was no evidence that employee Walls ever intentionally violated the rules so as to manifest a wrongful intent or evil design. And in *Oliver v. Dir., Director, Employment Security Department*, 80 Ark. App. 275, 94 S.W.3d 362 (2002), we reversed the Board's denial of benefits when employee Oliver telephoned her employer every day to inform it that she could not work. The employer considered the absences unexcused because of the lack of documentation or because Oliver had exhausted her available FMLA hours. We held that the illness-related absences were beyond Oliver's control and that no evidence supported a finding that Oliver had willfully

disregarded the employer's interest, intentionally disobeyed workplace rules, or "any similar actions manifesting misconduct." *Id.*

Like *Oliver* and *Walls*, Jones's absences were due to a bout of illness that was beyond her control. Her employer knew why she initially left the workplace when Jones notified a ranking supervisor. As for the lack of a doctor's note, we hold that Jones's inability to produce the doctor's excuse her employer requested does not amount to misconduct in this case.

The Board's denial is reversed, and the case remanded for an award of benefits.

Reversed and remanded.

GRUBER and WOOD, JJ., agree.