SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-16-527

| | |
|---|---|
| ALISA BROWN<br><br>APPELLANT<br><br>V.<br><br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, AND PULASKI<br>TECHNICAL COLLEGE<br>APPELLEES | **Opinion Delivered** November 8, 2017<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2016-BR-01538]<br><br><br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Alisa Brown appeals the Arkansas Board of Review's (the Board) decision affirming the Appeal Tribunal's denial of her request for unemployment benefits based on its finding that she was discharged from her last work for misconduct in connection with that work. We affirm.

Brown was a professor at Pulaski Technical College (Pulaski Tech) in Little Rock for approximately twelve years prior to her termination. For the majority of that time, she received excellent performance evaluations. In July 2015, she requested and was approved for intermittent leave under the federal Family Medical Leave Act (FMLA) to be taken as needed, one to two days at a time, once or twice a month. Brown testified that she suffers from serious health conditions including anxiety, major depression, and stress-related gastrointestinal pain.

In 2015, numerous students complained about Brown, alleging that she was not on campus during required office hours, did not respond to student emails in a timely manner,

and failed to post grades within a reasonable amount of time. Brown then used a class period to request that her students write letters to the dean to support her. On November 3, 2015, Brown received written warnings for addressing the grievances in class and changing the format of her class from an on-campus course to an online course without prior approval. In December and January, Brown received verbal counseling about the deficiencies that had led to the student complaints. Brown's direct supervisor, Rebecca Sterling, observed one of Brown's classes and found it unsatisfactory. The observation occurred on the fourth[1] class meeting of the semester, but Brown was still going over the syllabus with her students and had not yet begun to teach substantive material. The evidence also revealed that Brown had a pattern of failing to respond to emails and meeting requests, responding in an untimely manner, and responding in an unacceptable way.

Brown received verbal counseling on December 11, 2015, and January 11, 2016. On February 12, 2016, Brown received a written counseling record that formally placed her on a performance improvement plan (PIP) that required her to submit weekly lesson plans to her supervisor for approval, designate and adhere to specific on-campus office hours, and promptly and courteously respond to all communications from her supervisor. In both the hearing testimony and the appellate briefs, Brown and the representatives of Pulaski Tech repeatedly referred to Brown's status under the PIP as being "on probation." Brown appealed her probation to the school's vice president for learning, Mary Ann Shope, who denied the appeal.

---

[1]While the appellee's brief states that it was the fifth class meeting, the decision of the Appeals Tribunal states that it was the fourth meeting, apparently because Brown testified that she had canceled a previous class.

Soon after Brown had been placed on probation, Pulaski Tech received a faxed note hand-written on a physician's prescription pad stating that Brown would not be working until further notice. Her supervisor testified that at approximately this time, Brown would soon run out of FMLA leave time but did have paid sick leave available. Brown did not return to work and did not respond to calls, emails, and certified letters from Pulaski Tech requesting additional information about her medical need for leave, which Pulaski Tech sought because she was originally approved for intermittent leave and was taking prolonged continuous leave. Neither Brown nor her doctor ever advised Pulaski Tech when or if Brown would be able to return to work. In late April, Pulaski Tech sent Brown a certified letter informing her that when her current contract expired in late May, it would not be renewed. Brown acknowledged receipt of that letter (although she claims that she never received the previous certified letters Pulaski Tech had sent to her at the same address requesting additional information about her FMLA leave), and she emailed Pulaski Tech objecting to her termination.

Brown applied for unemployment benefits from the Arkansas Department of Workforce Services (Department) and was denied based on findings that she had been terminated due to misconduct related to her work and that she was unable to perform suitable work. The Appeal Tribunal affirmed the finding of misconduct but reversed as to whether Brown was able to perform suitable work. The Board affirmed the finding that Brown was ineligible for benefits because she had been terminated from her last work for misconduct related to the work. This appeal follows.

This court has set forth the standard of review in unemployment cases:

> On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. Substantial evidence is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it.

*Rivas v. Dir.*, 2013 Ark. App. 91, at 1–2.

On appeal, Brown argues that there was insufficient evidence to support the finding that she was terminated for misconduct related to her work. A claimant is disqualified from receiving unemployment benefits if the claimant is discharged from his or her last work for misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a) (Repl. 2012). Misconduct includes the violation of any behavioral policies of the employer, disregard of the employer's rules, disregard of the standards of behavior that the employer has a right to expect from its employees, and disregard of the employee's duties and obligations to his or her employer. *McAteer v. Dir.*, 2016 Ark. App. 52, at 4, 481 S.W.3d 776, 779; *Nibco v. Metcalf*, 1 Ark. App. 114, 613 S.W.2d 612 (1981). Our case law has long interpreted misconduct in this context not to be ordinary negligence, good-faith errors in judgment or discretion, or mere unsatisfactory conduct, unless they are of such a degree or recur so often as to manifest wrongful intent, evil design, or an intentional disregard of the employer's interests. *Maxfield v. Dir.*, 84 Ark. App. 48, 129 S.W.3d 298 (2003). It is the employer's burden to establish misconduct by a preponderance of the evidence. *Jones v. Dir.*, 2014 Ark. App. 426, 439 S.W.3d 85. Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. *Id.* We must affirm the Board's misconduct finding if it was supported by substantial evidence. *Rivas*, 2013 Ark. App. 91, at 1–2.

The Board's decision outlines numerous instances of misconduct on Brown's part, including that she had received multiple reprimands, was the subject of multiple student complaints, acted unprofessionally by using class time to ask students to write letters to support her, failed to show up for class, failed to keep office hours, impermissibly changed the format of her course from on-campus to online, performed inadequately in an observed class, and repeatedly failed to either come to work or provide necessary documentation as to her medical situation that prevented her from working. We hold that there was substantial evidence to support the Board's finding of misconduct and affirm the denial of benefits.

As to her second point, Brown argues that "substantial evidence does not support the denial of unemployment benefits due to inability to work." However, the only decision she has appealed is the Board's October 31, 2016 determination that she was ineligible for benefits due to misconduct. The Board's decision contains no discussion or determination of her alleged inability to perform suitable work. The most recent decision about her ability to perform suitable work was the Appeal Tribunal's September 2016 reversal of the Department's finding that Brown was also ineligible for benefits pursuant to section 11-10-507(3)(A) because she was unable to perform suitable work. The Appeal Tribunal found that she was able to perform suitable work and explained that as a result of its reversal, Brown shall be eligible for benefits "if otherwise in compliance with the law." However, it then noted that she "is not in compliance with the law, as she was disqualified under Ark. Code Ann. § 11-10-514(a), as decided above, for being discharged from her last work for misconduct." The Appeal Tribunal, therefore, found that Brown is able to perform suitable work but that the issue was essentially moot because she was disqualified from receiving benefits due to having

been terminated for misconduct. In its subsequent review of the Appeal Tribunal's decision, the Board did not address the issue of her ability to perform suitable work and ruled solely on the question of misconduct. Therefore, the current appeal presents no adverse ruling on this point for us to review.

Affirmed.

HARRISON and GLOVER, JJ., agree.

*Gill Ragon Owen, P.A.*, by: *Peter D. Mann*, for appellant.

*Phyllis Edwards*, for appellee.