Cite as 2020 Ark. App. 138

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** E-19-254

| | |
|---|---|
| BETTY DILLINGER<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND BELK<br><br>APPELLEES | **Opinion Delivered:** February 26, 2020<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2019-BR-00954]<br><br><br>REVERSED AND REMANDED |

## RAYMOND R. ABRAMSON, Judge

Betty Dillinger appeals the Arkansas Board of Review's decision denying her claim for unemployment benefits on a finding that she was discharged for misconduct in connection with the work. We reverse and remand for an award of benefits.

Dillinger worked for Belk as a salesperson. From November 9, 2018, to January 28, 2019, Dillinger was on leave under the Family Medical Leave Act (FMLA) for pneumonia. She returned to work after January 28; however, on February 21, she informed Belk that she needed to reinstate her FMLA leave because she was sick again. On February 23, Dillinger reported to the human-resources office that her condition had worsened and that she had been hospitalized with the flu. Dillinger was placed on a ventilator and underwent a tracheotomy. While Dillinger was in the hospital, Belk sent her letters informing her that she needed to contact Belk, and if she failed to do so, her employment would end. Belk received confirmation that Dillinger received the first notification by certified mail. On

April 27, Dillinger was released from the hospital. On May 3, Dillinger contacted Belk, and Belk informed her that her employment had ended for failing to maintain contact and not returning to work.

Thereafter, Dillinger applied for unemployment benefits, and the Department of Workforce Services (Department) issued a notice of agency determination finding that Dillinger was disqualified from benefits pursuant to Arkansas Code Annotated section 11–10–513(b) (Repl. 2012) for voluntarily leaving her last work without good cause and without making reasonable efforts to preserve her job rights. Dillinger appealed the decision to the Arkansas Appeal Tribunal (Tribunal). The Tribunal held a hearing and affirmed the Department.

Dillinger appealed the Tribunal's decision to the Board. Following a hearing, the Board issued a decision modifying the Tribunal's decision and finding that Dillinger was disqualified from receiving benefits because she was discharged from her last work for misconduct pursuant to Arkansas Code Annotated section 11–10–514 (Supp. 2019). Specifically, the Board stated,

> While the claimant testified that she could not contact the employer due to her being given a tracheotomy, the employer presented testimony that it would have accepted a text message, a letter, or a phone call from a family member as evidence of the claimant's intent to continue her employment. The preponderance of the evidence indicates that the employer's first letter to the claimant instructing her to contact the employer by April 16, 2019, was received, and the claimant did not respond to the employer's letters until such time as she received a letter indicating that she was being separated from employment. As such, it is more likely than not that the claimant was aware of the need to contact the employer but opted not do so until she received the separation letter. By failing to maintain contact with the employer, the claimant demonstrated a willful disregard of duties and obligations owed to the employer.
>
> Therefore, the claimant was discharged from last work for misconduct in connection with the work.

Dillinger appealed the Board's decision to this court.

Our standard of review in unemployment-insurance cases is well settled. We do not conduct de novo reviews in appeals from the Board. *West v. Dir.*, 94 Ark. App. 381, 231 S.W.3d 96 (2006). Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Rockin J Ranch v. Dir.*, 2015 Ark. App. 465, 469 S.W.3d 368. The Board's findings of fact are conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered based on the evidence presented. *Id.* Credibility calls are for the finder of fact, as is the weight to be accorded to testimony. *Id.*

A claimant is disqualified from receiving unemployment benefits if the claimant is discharged from her last work for misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a) (Repl. 2012). Misconduct includes the violation of any behavioral policies of the employer, disregard of the employer's rules, disregard of the standards of behavior that the employer has a right to expect from its employees, and disregard of the employee's duties and obligations to the employer. *Rockin J Ranch*, 2015 Ark. App. 465, 469 S.W.3d 368; *Cook v. Dir.*, 2009 Ark. App. 454; *Nibco v. Metcalf*, 1 Ark. App. 114, 613 S.W.2d 612 (1981).

Our case law has long interpreted misconduct in this context not to be ordinary negligence, good-faith errors in judgment or discretion, or mere unsatisfactory conduct unless they are of such a degree or recur so often as to manifest wrongful intent, evil design,

3

or an intentional disregard of the employer's interests. *Maxfield v. Dir.*, 84 Ark. App. 48, 129 S.W.3d 298 (2003). It is the employer's burden to establish misconduct by a preponderance of the evidence. *Jones v. Dir.*, 2014 Ark. App. 426, 439 S.W.3d 85. Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. *Id*. There is an element of intent associated with a determination of misconduct. *Clark v. Dir.*, 83 Ark. App. 308, 126 S.W.3d 728 (2003).

Having reviewed the evidence in this case, we cannot conclude that the Board's finding is supported by substantial evidence. The Board found that Dillinger's failure to maintain contact with Belk demonstrated a willful disregard of duties and obligations owed to Belk. However, the evidence shows that Dillinger notified Belk that she could not work due to her illness and hospitalization, and she remained hospitalized for over two months where she was placed on a ventilator and underwent a tracheotomy. Belk sent Dillinger the notification letters during her hospitalization, and Dillinger contacted Belk shortly after she had been discharged. We hold that a reasonable mind would not accept this evidence as adequate to support the conclusion that Dillinger's conduct was of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of her employer's interests or her duties and obligations. We therefore reverse the Board's decision and remand the case for an award of benefits.

Reversed and remanded.

GLADWIN and BROWN, JJ., agree.

*Betty Dillinger*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, for appellee.