Cite as 2020 Ark. App. 427

# ARKANSAS COURT OF APPEALS
DIVISION I
No. E-20-53

| | |
|---|---|
| VIVIAN ANDERSON<br><div align="right">APPELLANT</div><br>V.<br><br>DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND INSPIRATION DAY TREATMENT, INC.<br><div align="right">APPELLEES</div> | Opinion Delivered September 23, 2020<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2020-BR-00045]<br><br><br><br>REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

In 2017, Vivian Anderson was hired as a driver for Inspiration Day Treatment, Inc. Her employer terminated the relationship in November 2019 after Anderson had been in multiple traffic accidents, which resulted in the employer's automobile insurance carrier canceling coverage for her. Anderson then applied for unemployment benefits. She was denied, and her attempt to reverse that decision has landed here.

After Anderson's claim was initially denied, she pursued an administrative appeal before the Appeal Tribunal. Anderson and Roe Garcia, Inspiration's chief operating officer, testified during the appeal. When asked by the hearing officer why Anderson was discharged, Garcia said, "She had multiple accidents in our vehicles, and our insurance company could not continue to have—provide coverage for her to drive. . . . I believe it was three [wrecks]." Garcia said that Anderson admitted that a November 2019 accident

that led to her discharge was her fault. Curiously, and in contradictory fashion, Inspiration's employer-discharge statement that it submitted to the agency contains a yes check-mark next to the questions: "Did the claimant perform his/her job duties to the best of his/her ability?" and "Did the claimant perform his/her job duties satisfactorily in the past?" The stated reason for discharge was "Staff had a 3rd wreck in the company vehicle." The box next to "Did the claimant violate company policy" was also marked yes.

| 10. What was the final incident that caused the discharge? Staff had a 3rd wreck in the company vehicle. Action | | | | |
|---|---|---|---|---|
| A. When did this incident occur? 11/8/2019 | | | | |
| B. Were there any witnesses to the incident? ☐ Yes ☑ No  If Yes, provide names: | | | | |
| Name | | | | |
| Title | | | | |
| Can you furnish signed witness statements? ☐ Yes ☑ No  If Yes, provide copies with this document. | | | | |

11. Did the claimant violate company policy?  ☑ Yes ☐ No  If Yes,
   A. What policy did the claimant violate? driver allowed only one "at-fault" wreck
   B. Was the claimant aware of the policy? ☐ Yes ☑ No  If Yes,
      1. How was the claimant advised of the policy?  ☐ Employer handbook  ☐ Written notice  ☐ Verbal
                                                        ☐ Employee bulletin board  ☐ Employee orientation
      2. When was the claimant advised of the policy? 11/11/2019

| 12. Were prior warnings given to the claimant? ☐ Yes ☑ No  If Yes, provide copies with this document. | | | |
|---|---|---|---|
| Date | Type of warning | | Reason for warning |
| | Verbal | Written | |
| | ☐ | ☐ | |
| | ☐ | ☐ | |
| | ☐ | ☐ | |
| | ☐ | ☐ | |
| | ☐ | ☐ | |
| 13. How long had the claimant performed his/her last job duties before discharge? 2 Years  3 Months  2 Weeks  4 Days | | | |
| 14. Had the claimant performed his/her job duties satisfactorily in the past? ☑ Yes ☐ No  If No, explain: | | | |
| 15. Did the claimant perform his/her job duties to the best of his/her ability? ☑ Yes ☐ No  If No, explain: | | | |
| 16. Is there any additional information not covered above? ☐ Yes ☑ No  If Yes, provide the information: | | | |

2

As seen above, the following questions were also answered by the employer in the statement (our emphasis).

QUESTION: "What policy did the claimant violate?"

ANSWER: "Driver allowed only one 'at fault' wreck"

QUESTION: "**Was the claimant aware of the policy?**"

ANSWER: "**No**"

A single performance-improvement plan dated 11 November 2019, which was after the accident at issue, states that termination was Anderson's discipline. When asked about the performance-improvement plan and if the November 2019 wreck "violate[d] any of your policies for drivers," Garcia replied:

> Yes. We had—you know, our insurance company determines what drivers are covered and looks at the vehicle history. And we can't have that many accidents and still be covered. The insurance company will say, We—we can't cover them anymore because of the multiple accidents.

A November 2019 endorsement from the employer's insurance carrier identified Anderson as an excluded driver.

Anderson denied that anyone had informed her of Inspiration's policy of allowing only one "at fault" wreck before the date she was dismissed. And she disputed that there were three accidents; she said there were two, and she took "responsibility" for them.

The hearing officer denied Anderson's claim for benefits, after which she wrote a letter to the agency disputing that she had "three at fault accidents on my driving record" and attached a copy of her driving record. The Board of Review rejected Anderson's request to consider additional information and issued a written decision, which is now before us. Here is how the Board ruled during the administrative appeal:

3

While the employer presented no evidence concerning the circumstances of the traffic accidents caused by the claimant's negligent actions, the Board finds that the claimant's admission that two of the accidents were her fault establish that her actions were negligent to such a degree or reoccurrence as to manifest wrongful intent or evil design and therefore, misconduct which would disqualify her from receiving unemployment insurance benefits.

Because no substantial evidence supports the Board's finding of misconduct and Anderson's consequential denial of benefits, we reverse its decision and remand for an award of benefits.

Misconduct for purposes of unemployment compensation involves a disregard of the employer's interest, a willful violation of the employer's rules, a disregard of the standards of behavior the employer has a right to expect of its employees, and a disregard of the employee's duties and obligations to his or her employer. *Garrett v. Dir.*, 2014 Ark. 50, at 6. There is an element of intent associated with misconduct. *Id.* Misconduct requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion. *Id.* There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such a degree or recurrence as to manifest wrongful intent or evil design. *Id.*

There was no such showing here. There was no showing that Anderson's discharge was pursuant to a written policy or progressive-disciplinary system. Moreover, the Board itself noted that the record contains "no information" about the circumstances underlying Anderson's accidents. It didn't miss anything; there's just nothing there. Nothing of record provides any context to the incidents. Nothing about the extent of property damage, if any.

4

Nothing about whether there was any personal injury to anyone. No police reports. No internal investigative reports. Just one big evidentiary hole.

This is not good enough. That two or perhaps three wrecks were Anderson's "fault" shows, at most, that she may have been a negligent driver on those occasions. That does not equate to misconduct. Anderson's job was to transport people all day long, in a van, which she did for more than two years. With no further details on how the accidents occurred and under what circumstances—a road-rage incident is not the same as a blind-spot problem, for example—we cannot say that there was substantial evidence of a willful disregard of the employer's interest. *Clark v. Dir.*, 83 Ark. App. 308, 126 S.W.3d 728 (2003). The caselaw backs this commonsense ruling.

In *Clark*, we reasoned in an analogous situation this way:

> At the most, the evidence supports finding an inability of the driver to safely back up without incident. The driver accepted full responsibility for the first accident, saying that he was hurrying too much to get the job done. For the second incident, he backed into a dumpster that pushed into a wall. His undisputed testimony was that there was no damage to the wall, dumpster, or truck from this accident. In the third accident, he backed over concrete posts that had been recently installed in a place commonly used by the truck drivers to turn around. In the last accident, appellant's rear tire barely hit the bumper of another truck and the bumper was bent back into place by the drivers.

> While the employer may have acted prudently and reasonably in deciding to terminate appellant from employment as a truck driver, there is simply no substantial evidence to support a determination by the Board that appellant's conduct amounts to an intentional disregard of his employer's interest. As such, we reverse and remand this case for an award of benefits.

*Clark*, 83 Ark. App. at 313–14, 126 S.W.3d at 731. Similarly, in *Rodriguez v. Director*, 2013 Ark. App. 361, we held that there was insufficient evidence to support a denial of benefits

5

when a Walmart truck driver failed to properly secure certain trailer doors and violated a company policy. We so held because there was no evidence that he willfully did so.

Like *Clark* and *Rodriguez*, here there is insufficient evidence to support the conclusion that Anderson manifested a wrongful intent or an evil design toward her employer's interests. Not only was it undisputed that she did not know the existence of the "one 'at fault' wreck" policy, the employer itself told the agency that Anderson had satisfactorily completed her job duties to the best of her abilities prior to the particular event at issue.

★ ★ ★

Given the record before it, the Board of Review misapplied the governing legal standard when it concluded that Anderson engaged in misconduct and denied her claim. We therefore reverse the denial and remand for an award of benefits.

Reversed and remanded.

KLAPPENBACH and HIXSON, JJ., agree.

*Vivian Anderson*, pro se appellant.

*Cynthia L. Uhrynowycz*, for appellee.