2015 Ark. App. 235

**Karen HUBBARD, Appellant**

v.

**DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, and Walmart, Appellees**

No. E–14–769

Court of Appeals of Arkansas, DIVISION III.

Opinion Delivered April 15, 2015

Karen Hubbard, pro se appellant.

Phyllis Edwards, Associate General Counsel, for appellee.

## M. MICHAEL KINARD, Judge

Appellant Karen Hubbard appeals from the Arkansas Board of Review (Board) decision denying her unemployment benefits upon finding that she was discharged from her last work for misconduct in connection with the work.[1] On appeal, Hubbard argues that the Board's decision is not supported by substantial evidence. We agree and reverse this finding. The Board's decision also found that Hubbard was not eligible for benefits from May 11, 2014, through August 5, 2014, under Arkansas Code Annotated section 11–10–507(3)(A) (Repl. 2012) because she was not available to perform suitable work due to a childcare situation. Hubbard does not challenge this portion of the decision, and the denial of benefits for these weeks is affirmed.

Hubbard was employed as a customer-service associate at Walmart for over seven years until she was discharged in May 2014 for selling alcohol to a customer prior to 7:00 a.m. in violation of company policy. Paula Burns, the store manager, testified that Hubbard had received training regarding the company's policies on the sale of alcohol. Hubbard was working the self-checkout line the day of the incident and testified that this was her first time working before 7:00 a.m. as a cashier since the store had started selling alcohol. When a customer attempting to purchase beer scanned the item, the register displayed a message stating that the "item cannot be found." Hubbard called a supervisor for assistance. When no one came to assist her and the line behind the customer grew, Hubbard decided to manually key in the price of the beer and complete the sale. She testified that she considered the fact that the customer was not a minor and that it was not a day when alcohol sales were prohibited; she thought that the barcode was simply not scanning correctly. Shortly thereafter, a supervisor arrived and informed Hubbard that the beer did not scan because it was not yet 7:00 a.m. Hubbard refunded the purchase price and retrieved the beer before the customer left the store.[2]

Burns testified that Hubbard manually overrode the safeguard in place to prevent the sale of alcohol at certain times. Hubbard testified that the register did not indicate that the item could not be sold, but instead informed her that the item was

---

1. The Board denied Hubbard's application for appeal from the decision of the Appeal Tribunal; therefore, for purposes of judicial review, the Tribunal's decision serves as the decision of the Board. *See* Ark. Code Ann. § 11–10–525(f) (Repl. 2012).

2. Hubbard reported that the customer returned after 7:00 a.m. and purchased the beer.

not found. Hubbard said that any item in the store will generate this message if the barcode is not working properly. The Board concluded that Hubbard had committed an "intentional violation of the employer's known and reasonable rules" and was discharged for misconduct.

A person shall be disqualified from receiving unemployment benefits if it is determined that the person was discharged from his or her last work for misconduct in connection with the work. Ark. Code Ann. § 11–10–514(a)(1) (Supp. 2013). The employer has the burden of proving by a preponderance of the evidence that an employee engaged in misconduct. *Spencer v. Director*, 2014 Ark. App. 479, 2014 WL 4635672. "Misconduct," for purposes of unemployment compensation, involves (1) disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior the employer has a right to expect of its employees, and (4) disregard of the employee's duties and obligations to the employer. *Id.*

Our appellate jurisprudence makes clear that to constitute misconduct, there must be the element of intent. *Id.* Misconduct requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion. *Id.* To constitute misconduct, there must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Id.*

We review the Board's findings in the light most favorable to the prevailing party and affirm the Board's decision if it is supported by substantial evidence.

*Price v. Director*, 2013 Ark. App. 205, 2013 WL 1232103. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of our review is limited to a determination of whether the Board reasonably could have reached the decision it did based upon the evidence before it. *Id.* Our function on appeal, however, is not merely to rubber stamp decisions arising from the Board. *Id.*

In *Price*, the appellant worked for a bank and forgot to place a hold on a check in violation of a known policy. We held that her conduct amounted to an isolated instance of ordinary negligence or unsatisfactory conduct that did not establish wrongful intent or evil design. We conclude that Hubbard's policy violation is a similar isolated instance of negligence where the required proof of intent is lacking. Therefore, we reverse the disqualification of benefits based on the finding of misconduct. We remand for further proceedings as necessary based on Hubbard's eligibility to receive benefits under Ark. Code Ann. § 11–10–507(3)(A).

Affirmed in part; reversed and remanded in part.

Abramson and Vaught, JJ., agree.