SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-14-958

ROCKIN J RANCH, LLC
APPELLANT

V.

DIRECTOR, DEPARTMENT OF
WORKFORCE SERVICES and TREVA
BICE
APPELLEES

Opinion Delivered SEPTEMBER 9, 2015

APPEAL FROM THE ARKANSAS
BOARD OF REVIEW
[NO. 2014-BR-02529]

AFFIRMED

## KENNETH S. HIXSON, Judge

Appellant Rockin J Ranch, LLC appeals the award of unemployment compensation benefits to its former employee, appellee Treva Bice. The employee prevailed at the agency level, at the Appeal Tribunal, and at the Board of Review. On appeal to our court, appellant contends that the Board's decision, that Bice was terminated for reasons other than misconduct connected with the work, is not supported by substantial evidence. We affirm.

The standard of review is well settled. We do not conduct de novo review in appeals from the Board of Review. *West v. Dir.*, 94 Ark. App. 381, 231 S.W.3d 96 (2006). Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.* The Board of Review's findings of fact are conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is

SLIP OPINION

evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered based on the evidence presented. *Id.* Credibility calls are for the finder of fact as is the weight to be accorded to testimony. *Maxfield v. Dir.*, 84 Ark. App. 48, 129 S.W.3d 298 (2003). Our function on appeal, however, is not to merely rubber stamp decisions issued by the Board of Review. *Price v. Dir.*, 2013 Ark. App. 205.

A claimant is disqualified from receiving unemployment benefits if she is discharged from her last work for misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a) (Repl. 2012). Misconduct includes the violation of any behavioral policies of the employer, disregard of the employer's rules, disregard of the standards of behavior that the employer has a right to expect from its employees, and disregard of the employee's duties and obligations to her employer. *Cook v. Dir.*, 2009 Ark. App. 454; *Feagin v. Everett*, 9 Ark. App. 59, 652 S.W.2d 839 (1983); *Nibco, Inc. v. Metcalf*, 1 Ark. App. 114, 613 S.W.2d 612 (1981). Our case law has long interpreted misconduct in this context not to be ordinary negligence, good-faith errors in judgment or discretion, or mere unsatisfactory conduct, unless they are of such a degree or recur so often as to manifest wrongful intent, evil design, or an intentional disregard of the employer's interests. *See Maxfield*, *supra.* It is the employer's burden to establish misconduct by a preponderance of the evidence. *Jones v. Dir.*, 2014 Ark. App. 426, 439 S.W.3d 85. Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. *Id.* There is an element

of intent associated with a determination of misconduct. *Clark v. Dir.*, 83 Ark. App. 308, 126 S.W.2d 728 (2003).

The evidence, viewed most favorably to the Board's findings, showed that Bice had worked for appellant as a ranch hand for about a year when she was terminated by Bill Jenkins, the owner of the ranch. Her employment was from June 2013 to July 4, 2014. Jenkins stated that he noticed that on Bice's time sheets, on three separate occasions, she sought pay for travel to get ranch supplies, but the ranch manager (Greg Trimble) had signed the supply tickets. This was a one-person job, so Jenkins believed that Bice was seeking pay for not really working, but instead riding around with the manager. Jenkins also suspected that Bice was in a romantic relationship with the ranch manager. He once observed the manager walk Bice to her car and give her a kiss goodbye. Jenkins admitted, however, that the ranch did not have a handbook or any specific policies about relationships between employees.

Jenkins said that while Bice was still working for the ranch, he had raised his concerns about her time sheets to her supervisor, which he expected and believed the supervisor to have relayed to Bice. Jenkins said that the ranch manager assured him that Bice was a vital employee.

Jenkins admitted, however, that when asked by the Department of Workforce Services about reprimands, he replied that he was not certain if Bice received any warning about her job performance. At the initial investigation stage of the adjudication, Jenkins responded in writing that he fired Bice for having an affair with her direct supervisor, which he felt was a

SLIP OPINION

direct conflict of interest with her employer. Jenkins ultimately concluded that neither Bice nor the ranch manager was looking out for the best interests of the ranch. Jenkins also terminated the ranch manager.

Appellee Treva Bice testified about her employment at the ranch, stating that she was not told, nor did she ask, why she was being terminated. Bice denied ever being reprimanded about her job performance, either verbally or in writing. She agreed that Greg Trimble was her immediate supervisor, and she considered him a friend, but not in any romantic way. She said it would be untruthful if Trimble said that their relationship was anything more than friends. In her words, that would be "absurd." Bice testified that she was never told that fraternization was prohibited or that she was not allowed to have a personal relationship with her supervisor. The only direction she ever received from Trimble was that she was "getting too many hours" and needed to cut back. As to the time sheets that gave Jenkins concern, Bice explained that if she rode along to pick up supplies at the co-op, "it was because I was told I had to."

On this evidence, the Board found that insufficient evidence of a romantic relationship was presented; that Bice was credible when she stated that she rode along on the trip to get supplies because she was instructed to do so; that appellant failed to demonstrate any falsification of time records or other disregard of employer interests; that appellant failed to show that Bice had been progressively disciplined regarding any work performance prior to being discharged; and that appellant failed to show that any poor performance was intentional.

SLIP OPINION

Thus, the Board found that Bice was discharged from her last work for reasons other than misconduct in connection with the work. This appeal followed.

We hold that there is substantial evidence to support the Board's conclusion that Bice was not terminated for misconduct in connection with the work, as interpreted for purposes of unemployment benefits. The Board found Bice to be a credible witness, noting that she was only following her supervisor's instructions to ride along to get supplies. The Board also found that appellant failed to show by a preponderance of the evidence that Bice acted in such a manner as to demonstrate a willful disregard of the employer's interest. Notably, Jenkins admitted that there were no personnel policies addressing relationships between employees. Thus, the employer failed to establish by a preponderance of the evidence that Bice was guilty of misconduct that would disqualify her from receipt of unemployment benefits. There is substantial evidence of record to support an award of benefits to this employee. *See Hubbard v. Dir.*, 2015 Ark. App. 235, 460 S.W.3d 294. Because reasonable minds could have concluded as the Board did on the evidence before it, we affirm.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*Hayes, Alford, Johnson & Conley, PLLC*, by: *Joel D. Johnson*, for appellant.

*Phyllis Edwards*, for appellee.