

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-15-533

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** January 13, 2016 |
| MARILYN COOK | | |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | [NO. 2015-BR-01409] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES | | |
| | APPELLEE | REVERSED AND REMANDED |

## M. MICHAEL KINARD, Judge

Appellant Marilyn Cook appeals from the decision of the Arkansas Board of Review (Board), which affirmed and adopted the opinion of the Appeal Tribunal (Tribunal) finding that she was disqualified from receiving unemployment benefits. Cook's disqualification was based on the finding that she was discharged from her last work for misconduct connected with the work on account of dishonesty. On appeal, Cook argues that her actions did not constitute misconduct. We agree.

The employer, the Arkansas Department of Correction (ADC), was represented by Stephanie Glasscock, a payroll administrator, at the Tribunal hearing. Glasscock testified that Cook was terminated for changing a historical document without noting the change. Cook worked as an agency controller in the construction division of the ADC for about three years under the supervision of Leon Starks. In May 2014, Cook was promoted to the position of audit manager and worked under the supervision of the ADC director. However, Cook also

SLIP OPINION

continued to work in her former position because her replacement in the construction division was not hired until November 2014. After this employee's hiring, Cook trained and assisted him. Cook testified that the agreement with the then-director was that her work in the construction division would remain under the supervision of Starks. Cook took medical leave in December 2014, and when she returned in January 2015, a new director, Wendy Kelley, was in place. Cook was told to catch up on her work as audit manager and that she could assist in the construction division in her extra time.

In March 2015, Cook was assisting in providing construction-division documents to a legislative auditor, including a construction-budget status report dated August 14, 2013. This report had been previously provided to the Board of Corrections, but it was later found to contain an error. The budget for one project was listed as $2,000,000 instead of $200,000. Cook testified that this error was corrected in a September 2013 budget status report. Before sending the August 2013 report to the legislative auditor, Starks instructed Cook to correct the error. Cook said that she told Starks that the correction required an explanation of the change, but Starks was insistent that it be done his way. Cook relented, and the report was sent with the corrected figure.

The auditor noted the discrepancy between the August 2013 document provided by Cook and the same document previously provided to the Board of Corrections. The Board of Corrections and Kelley were notified. Cook then provided the original version to the auditor. A review was undertaken by the compliance division, which "did not reveal any purpose for modifying the August 14, 2013 Budget Report, other than because of error or

SLIP OPINION

omission."

Cook believed that Starks's way was flawed but not deceitful. She maintained that her intent was to correct a typographical error, not to falsify a document or to deceive. She said that her actions bestowed no benefit on herself or on anyone else. Cook testified that she did not talk to Kelley about the situation because Cook was acting as agency controller in the construction division, and pursuant to the chain of command and prior practice, Starks, not Cook, reported to the director. Cook said that Starks told her that he would tell anyone who needed to be told.

Glasscock testified that, as audit manager and as an accountant, Cook should have known that it was unethical to make the change without noting it or letting anyone know. Noting Kelley's termination letter to Cook, Glasscock testified that at the time of the incident, Cook was no longer assigned to the construction division under Starks's supervision but reported directly to Kelley. Glasscock noted that Cook tried to persuade Starks to include a notation, and despite knowing Starks's way was wrong, she still did not inform Kelley. The Board concluded that Cook's actions were dishonest because she was aware that she was required to note the change with an explanation, and she was aware that she answered to Kelley as audit manager.

The standard of review is well settled. We do not conduct de novo review in appeals from the Board of Review. *Rockin J Ranch, LLC v. Director, Department of Workforce Services*, 2015 Ark. App. 465, 469 S.W.3d 368. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.*

3

The Board's findings of fact are conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered based on the evidence presented. *Id.*

A claimant is disqualified from receiving unemployment benefits if she is discharged from her last work for misconduct in connection with the work on account of dishonesty. Ark. Code Ann. § 11-10-514(b) (Supp. 2015). Our appellate jurisprudence makes clear that to constitute misconduct, there must be the element of intent. *Hubbard v. Director, Department of Workforce Services*, 2015 Ark. App. 235, 460 S.W.3d 294. Misconduct requires more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion. *Id.* To constitute misconduct, there must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Id.* In unemployment-compensation jurisprudence, dishonesty is defined as "a disposition to lie, cheat or defraud; untrustworthiness; lack of integrity." *King v. Director, Employment Security Department*, 80 Ark. App. 57, 92 S.W.3d 685 (2002).

It was undisputed that Cook acted at the direction of Starks in making the change to the document and that the only purpose was to correct an error. We hold that the ADC's position that Cook should have consulted Kelley does not demonstrate that Cook committed

4

an act of dishonesty or an intentional violation of employee standards, but rather a good-faith error in judgment. In *King*, we held that there was no substantial evidence of dishonesty because the claimant had a good-faith belief that his assertion was true and did not make it with the intent to deceive. Here, Glasscock acknowledged that the ADC had not alleged any personal gain by Cook, and there was no evidence of an intent to deceive. Under these circumstances, we cannot say that there is substantial evidence of dishonesty. Accordingly, we reverse the decision of the Board of Review and remand for a determination of benefits.

Reversed and remanded.

HARRISON and HOOFMAN, JJ., agree.

*Marilyn Cook*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, for appellee.