
# ARKANSAS COURT OF APPEALS

DIVISION I
No. E-15-242

| | |
|---|---|
| BRENDA McATEER<br><div align="right">APPELLANT</div> | **Opinion Delivered** January 27, 2016 |
| V. | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2015-BR-00583] |
| DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, and<br>AMERITIES SOUTH LLC<br><div align="right">APPELLEES</div> | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Brenda McAteer challenges the decision of the Arkansas Board of Review ("Board"), contending that substantial evidence does not support its finding that she was disqualified from unemployment benefits because she was terminated from her last employment for misconduct. We disagree and affirm.

Our standard of review in unemployment-insurance cases is well settled. We do not conduct de novo reviews in appeals from the Board of Review. *West v. Dir.*, 94 Ark. App. 381, 231 S.W.3d 96 (2006). Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Rockin J Ranch v. Dir.*, 2015 Ark. App. 465. The Board of Review's findings of fact are conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon

which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered based on the evidence presented. *Id*. Credibility calls are for the finder of fact, as is the weight to be accorded to testimony. *Id*.

With these standards in mind, we turn to the facts of this case. McAteer was employed by Amerities South LLC as an administrative assistant for approximately ten and a half months. Her duties included payroll, shipping, accounts receivable, and accounts payable. McAteer demonstrated a "pattern of errors" throughout her employment, which included making frequent and numerous mistakes on the payroll, bills of lading, and employee files; in addition, she had consistent difficulty conveying driving directions to the plant, even after working there for six months.

McAteer's "pattern of errors" was addressed on a number of occasions by her supervisors at Amerities, who warned McAteer repeatedly about her poor work performance in September and October 2014. In an October meeting, management made it clear to McAteer that she would need to make "significant and immediate progress" toward reducing her errors, or "further action would have to be taken, up to and including discharge." A follow-up meeting occurred in November 2014 to review her performance. While her supervisors noted some small improvements, they advised McAteer that she was still making numerous mistakes and needed to demonstrate a significant reduction in her error rate with respect to shipping, payroll, and purchase-order paperwork. They once more made it clear

to McAteer that she needed to make significant improvements in her performance, or "disciplinary action up to and including discharge would result."

Despite her employer's attempts to address her "pattern of errors," McAteer failed to demonstrate any improvements. She continued to give incorrect directions to drivers; she made numerous mistakes on bills of lading; she failed to send bill–of–lading copies to people who were to be billed; she was not electronically filing forms for employees as instructed; her reports were incorrect and had to be revised; and she failed to perform invoice filing for months. By January 2015, McAteer's actions produced incorrect results in three out of five payrolls. McAteer was terminated from her employment on January 30, 2015.

After termination, McAteer applied for unemployment benefits. The Department of Workforce Services ("Department") issued a notice of agency determination finding that McAteer was disqualified from benefits because she had been terminated for misconduct. McAteer appealed to the Arkansas Appeal Tribunal ("Tribunal"). The Tribunal issued an opinion reversing the Department and finding that McAteer was qualified for benefits. Amerities appealed the Tribunal's decision to the Board, which reversed the Tribunal. In doing so, the Board noted that McAteer had not improved her performance, and the errors she was making in January 2015 were the same kinds of errors that she had been making in October 2014, when her employers first called her poor performance to her attention. The Board found as follows:

> The preponderance of the evidence does not indicate that the claimant's errors were the result of her inability to perform her job but rather were within her control. As the claimant's errors constituted repeated acts of commission, omission, or negligence, and as the claimant continued to make those errors despite progressive discipline

having been issued, the claimant's poor performance must be viewed as "intentional" under Ark. Code Ann. § 11–10–514(a)(4)(B).

McAteer timely appealed the Board's decision.

A claimant is disqualified from receiving unemployment benefits if she is discharged from her last work for misconduct in connection with the work. Ark. Code Ann. § 11–10–514(a) (Repl. 2012). Misconduct includes the violation of any behavioral policies of the employer, disregard of the employer's rules, disregard of the standards of behavior that the employer has a right to expect from its employees, and disregard of the employee's duties and obligations to her employer. *Rockin J Ranch*, *supra*; *Cook v. Dir.*, 2009 Ark. App. 454; *Nibco v. Metcalf*, 1 Ark. App. 114, 613 S.W.2d 612 (1981). Our case law has long interpreted misconduct in this context not to be ordinary negligence, good-faith errors in judgment or discretion, or mere unsatisfactory conduct, unless they are of such a degree or recur so often as to manifest wrongful intent, evil design, or an intentional disregard of the employer's interests. *Maxfield v. Dir.*, 84 Ark. App. 48, 129 S.W.3d 298 (2003). It is the employer's burden to establish misconduct by a preponderance of the evidence. *Jones v. Dir.*, 2014 Ark. App. 426, 439 S.W.3d 85. Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. *Id*. There is an element of intent associated with a determination of misconduct. *Clark v. Dir.*, 83 Ark. App. 308, 126 S.W.3d 728 (2003).

On appeal, McAteer argues that the facts of this case do not support an element of intent associated with a determination of misconduct. She takes the position that her case is governed by *Greenburg v. Director*, 53 Ark. App. 295, 922 S.W.2d 5 (1996). In that case,

Esther Greenburg was fired from her job as a legal secretary for poor job performance, including failing to spell-check documents, failing to mark dates on her employer's calendar, and failing to include important documents with a letter sent to an opposing party. Although the Department and the Tribunal found that Greenburg was entitled to unemployment benefits, the Board reversed, determining that she had been terminated for misconduct. *Greenburg*, 53 Ark. App. at 297, 922 S.W.2d at 7. This court reversed, however, finding that the enumerated instances of misconduct were not adequate to support the conclusion that Greenburg's conduct was of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of her employer's interests or her duties and obligations. *Id*. at 298, 922 S.W.2d at 7.

McAteer argues that her performance problems were akin to those that were found not to constitute misconduct in *Greenburg*. She insists that both she and Greenburg were "simply unable to attain the standards mandated by the employer," and as such, her actions did not rise to the level of misconduct. We disagree. The facts as recited in *Greenburg* indicate that the employee was fired simply for being incompetent as a legal secretary and making isolated errors. They do not indicate—as here—that she had been told repeatedly that her performance was consistently deficient and that if she did not show marked improvement, she would face disciplinary action, up to and including termination.

Moreover, since *Greenburg* was decided, the General Assembly has amended Arkansas Code Annotated section 11-10-514(a) to include the following language: "An individual's repeated act of commission, omission, or negligence despite progressive discipline constitutes

sufficient proof of intentional poor performance." Ark. Code Ann. § 11–10–514(a)(4)(B) (Repl. 2012). Our case law has additionally made it clear that an employee's good-faith errors in judgment or discretion and unsatisfactory conduct are not misconduct unless they are of *such a degree or recurrence* as to manifest culpability, wrongful intent, evil design, or intentional disregard of an employer's interest. *Williams v. Dir.*, 2013 Ark. App. 531, at 5 (emphasis added). Thus, the recurrence of unsatisfactory conduct can reach such a degree to manifest the necessary intent to establish misconduct for unemployment-insurance purposes. *Id.*

Here, McAteer was confronted by her supervisors about her poor performance on numerous occasions, which she acknowledged before the Tribunal. Despite these repeated warnings, McAteer failed to improve her job skills or her performance, repeating the same errors for several months after her supervisors began speaking with her about her deficiencies. The evidence of her persistent inability to improve her job performance, despite being warned on several occasions that failure to improve could lead to her termination, supports the Board's conclusion that McAteer's "repeated errors, which were made after multiple warnings were issued regarding such errors, constituted 'repeated acts of commission, omission or negligence.'" We therefore affirm.

Affirmed.

GRUBER and HOOFMAN, JJ., agree.

*Stayton & Associates, P.C.*, by: *Rowe Stayton*, for appellant.

*Gregory Ferguson*, for appellee.