

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** E-17-66

| | |
|---|---|
| TAYIA WHITMER | **Opinion Delivered:** June 7, 2017 |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS |
| V. | BOARD OF REVIEW |
| | [NO. 2017-BR-00116] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND SYSTEMS CONTRACTING | |
| APPELLEES | REVERSED AND REMANDED |

## BART F. VIRDEN, Judge

Appellant Tayia Whitmer appeals from the decision of the Arkansas Board of Review (Board) that affirmed and adopted the opinion of the Appeal Tribunal (Tribunal) denying her unemployment benefits on the basis that she was discharged from last work for misconduct connected with the work. We agree with her and reverse and remand.

Whitmer began her employment as an accounts-payable clerk for Systems Contracting on August 26, 2015. She was scheduled to work on November 10, 2016, but she did not report to work or notify her employer prior to the start of her shift because she had been arrested at midnight the previous night and was incarcerated. As a result of her absence and failure to give proper notice, she was terminated the following day for misconduct connected with the work and was consequently denied unemployment benefits. She filed a timely appeal to the Tribunal.

At the Tribunal hearing, Renee Gaston, human-resource assistant for Systems Contracting, testified that the company does not have a written attendance policy but that employees are instructed to call in before the start of the shift if they will be absent. Whitmer testified that there was no way to call her employer ahead of time to let them know that she would be absent because she was allowed only one phone call, which she used to call her mother in order to make arrangements to get out of jail and check on her kids.

The Tribunal concluded that although Whitmer was incarcerated, she did not make a reasonable effort to notify the employer, she could have used her phone call from jail to ask her mother to contact her employer, and her actions of being arrested and not reporting to work were within her control; thus, she was discharged for misconduct connected with the work and properly denied unemployment compensation. Whitmer timely appealed, and the Board adopted and affirmed the Tribunal's decision. Whitmer now appeals the Board's decision.

The standard of review is well settled. We do not conduct de novo review in appeals from the Board. *Cook v. Dir.*, 2016 Ark. App. 12, at 3–4, 480 S.W.3d 194, 196–97. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.* The Board's findings of fact are conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered based on the evidence presented. *Id.*

Credibility calls are for the finder of fact as is the weight to be accorded to testimony. *Rockin J Ranch, LLC v. Dir.*, 2015 Ark. App. 465, at 2, 469 S.W.3d 368, 370. Our function on appeal, however, is not to merely rubber stamp decisions issued by the Board. *Id.*

Arkansas Code Annotated section 11–10–514(a) (Repl. 2012) provides in part:

(a)(1) If so found by the Director of the Department of Workforce Services, an individual shall be disqualified for benefits if he or she is discharged from his or her last work for misconduct in connection with the work.

(2) In cases of discharge for absenteeism, the individual shall be disqualified for misconduct in connection with the work if the discharge was pursuant to the terms of a bona fide written attendance policy, regardless of whether the policy is a fault or no–fault policy.

(3)(A) Misconduct in connection with the work includes the violation of any behavioral policies of the employer as distinguished from deficiencies in meeting production standards or accomplishing job duties; and

(B) Without limitation:

(i) Disregard of an established bona fide written rule known to the employee; or

(ii) A willful disregard of the employer's interest.

Misconduct includes the violation of any behavioral policies of the employer, disregard of the employer's rules, disregard of the standards of behavior that the employer has a right to expect from its employees, and disregard of the employee's duties and obligations to her employer. *Rockin J Ranch*, *supra*; *Cook*, *supra*; *Nibco v. Metcalf*, 1 Ark. App. 114, 613 S.W.2d 612 (1981). Our case law has long interpreted misconduct in this context not to be ordinary negligence, good-faith errors in judgment or discretion, or mere unsatisfactory conduct, unless they are of such a degree or recur so often as to manifest wrongful intent, evil design, or an intentional disregard of the employer's interests. *Rockin J Ranch*, *supra*. It is the employer's burden to establish misconduct by a preponderance of the

evidence. *Id*. Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. *Id*. There is an element of intent associated with a determination of misconduct. *McAteer v. Dir.*, 2016 Ark. App. 52, at 4, 481 S.W.3d 776, 779; *Clark v. Dir.*, 83 Ark. App. 308, 126 S.W.3d 728 (2003).

When the employer has no written policy, such as in the case at bar, or fails to follow its written policy, then the facts must be evaluated to determine whether the employee's behavior was a willful disregard of the employer's interest. *Hernandez v. Dir.*, 2015 Ark. App. 290, at 5, 461 S.W.3d 708, 711.

Whitmer's absence and failure to notify her employer that she would be absent occurred only one time. When asked if there had been any other problems with Whitmer's attendance, Gaston testified that she did not have any disciplinary notices or write-ups in her file. Undoubtedly, multiple continued absences and no-shows may amount to disregard of an employee's duties and obligations sufficient for misconduct warranting disqualification of unemployment benefits. *See Hernandez*, *supra*. However, Whitmer's single incident of purported misconduct in these circumstances does not rise to the level of willful disregard of her employer's interest and does not indicate the requisite intent.

Because substantial evidence does not support the Board's conclusion, we reverse and remand for an award of benefits.

Reversed and remanded.

WHITEAKER and MURPHY, JJ., agree.

*Tayia Whitmer*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, for appellee.