

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E-17-164

| | |
|---|---|
| MARTHA FOLLETT | **Opinion Delivered** October 4, 2017 |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS |
| V. | BOARD OF REVIEW |
| | [NO. 2017-BR-00242] |
| DIRECTOR, DEPARTMENT OF | |
| WORKFORCE SERVICES, AND | |
| QUALITY INN & SUITES | REVERSED AND REMANDED |
| APPELLEES | |

**N. MARK KLAPPENBACH, Judge**

Martha Follett appeals the decision of the Arkansas Board of Review (Board) denying her unemployment benefits upon finding that she was discharged for misconduct in connection with the work. We hold that substantial evidence does not support the Board's finding of misconduct under Arkansas unemployment-compensation law. Therefore, we reverse and remand.

Follett was employed by Quality Inn & Suites for two years as a breakfast attendant. She prepared and served breakfast for hotel guests. Follett was discharged in December 2016, and her claim for unemployment benefits was denied by the Department of Workforce Services. Follett appealed to the Appeal Tribunal, which found that she was entitled to benefits, but the Board reversed that decision.

Elizabeth Brewer, the employer's general manager, testified about the circumstances of Follett's discharge at the hearing before the Appeal Tribunal, although Brewer was not the

SLIP OPINION

manager during Follett's employment. Brewer gave several reasons for Follett's discharge: two prior warnings based on complaints of rude behavior made by guests reviewing the hotel online; Follett's refusal to sign the second warning; and a determination that Follett had failed to clean a milk pitcher. The Board found, however, that Follett "provided credible testimony that she was not rude and had not failed to properly clean the milk containers." Instead, the Board relied on Follett's testimony "that she felt she was discharged for not signing the write up regarding the milk containers not being properly cleaned." The Board found that the refusal to sign the reprimand constituted misconduct.

We review the Board's findings in the light most favorable to the prevailing party and affirm the Board's decision if it is supported by substantial evidence. *Jones v. Dir.*, 2015 Ark. App. 479, 470 S.W.3d 277. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of our review is limited to a determination of whether the Board reasonably could have reached the decision it did based on the evidence before it. *Id.* Our function on appeal, however, is not merely to rubber stamp decisions arising from the Board. *Id.*

A person shall be disqualified from receiving unemployment benefits if it is determined that the person was discharged from his or her last work for misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a)(1) (Supp. 2015). Misconduct, for purposes of unemployment compensation, involves (1) disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior the

2

SLIP OPINION

employer has a right to expect of its employees, and (4) disregard of the employee's duties and obligations to the employer. *Jones*, *supra*. To constitute misconduct, however, there must be the element of intent. *Id*. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion do not constitute misconduct. *Id*. There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Id*. It is the employer's burden to establish misconduct by a preponderance of the evidence. *Rockin J Ranch, LLC v. Dir.*, 2015 Ark. App. 465, 469 S.W.3d 368.

Although there is no reprimand in the record, Follett testified that she had been asked to sign a paper about her failure to wash the milk container. She replied that she had washed the container and would not sign the paper because it was not true. The two prior warnings issued to Follett and the guests' complaints upon which the warnings were based are included in the record. The two warnings state the following:

> By signing this form, you confirm that you understand the information in this warning. You also confirm that you and your manager have discussed the warning and a plan for improvement. Signing this form does not necessarily indicate that you agree with this warning.

The warnings contain spaces for the employee and manager to sign and date the warning and a third space for "Witness Signature (If employee understands warning, but refuses to sign)." The first warning is dated February 2, 2016, and is signed by Follett and a manager. The

second warning is signed only by the manager and is dated September 8, 2016. Follett testified that she was not aware of the September complaint and warning. As the Board noted, the corresponding guest complaint for the September 2016 warning indicates that the complaint was made in 2015.[1] Although no witness signature appears on the September 2016 warning, the phrase "but refuses to sign" is circled.

If the milk-container warning contained the same language as the prior warnings, the "witness signature" line shows that the employer specifically anticipated that employees would refuse to sign the warning. The employer's list of "Company Policies" does not contain any policies about signing warnings; nor was there any testimony that Follett had ever been informed that refusing to sign would result in disciplinary action. According to the employer, Follett had refused to sign such a warning in September 2016, but she was not terminated at that time and there is no evidence that she was disciplined for her refusal. Her refusal to sign the final reprimand was based on her assertion that it was not true, and the Board absolved her of the accused behavior. Under these circumstances, we hold that substantial evidence does not support the Board's finding of misconduct.

Reversed and remanded.

GLADWIN and HARRISON, JJ., agree.

*Martha Follett*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, for appellee.

---

[1] The complaint states that the guest stayed at the hotel in August 2015, and it appears that the hotel retrieved the complaint from a website on September 6, 2015.