RAYMOND R. ABRAMSON, Judge
Appellant Kevin Sandy appeals the decision of the Arkansas Board of Review (Board) that reversed the Appeal Tribunal's (Tribunal) decision to grant unemployment benefits. The Tribunal found that Sandy's actions leading to his discharge did not constitute misconduct. The Board reversed the Tribunal's decision on the basis that Sandy intentionally disregarded the employer's interest, warranting denial of unemployment benefits. We disagree with the Board and reverse and remand.
Sandy began working for the City of Fort Smith (the City) on August 28, 1989. He received several promotions during his employment and last served as the deputy director of business administration. He was discharged on January 23, 2017. The City cited the following reasons for his discharge: Sandy (1) failed to provide a password when requested by the employer's internal audit, (2) failed to follow procedures in processing a purchase request and a bond-reimbursement request, (3) removed a computer from one of the City's locations and took it to another location without permission, and (4) failed to approve a fuel-purchase request in a timely manner. The City did not administer any disciplinary action against Sandy during his twenty-seven-year tenure aside from his discharge. Sandy testified that the incidents cited by the City were miscommunications, erroneous assumptions about his actions, and the result of procedural and policy changes that were not made known to him.
The Tribunal concluded that the City did not prove by a preponderance of the evidence that Sandy's conduct constituted misconduct. The Board reversed on the basis that Sandy intentionally disregarded the City's interest when he did not give a password to an internal auditor and when he did not approve a fuel-purchase request.
The standard of review is well settled. We do not conduct de novo review in appeals from the Board. Whitmer v. Dir. , 2017 Ark. App. 367, 525 S.W.3d 45. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. Id. The Board's findings of fact are conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.
*872 Id. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered based on the evidence presented. Id.
A claimant is disqualified from receiving unemployment benefits if the claimant is discharged from his or her last work for misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a) (Supp. 2017). Misconduct includes the violation of any behavioral policies of the employer, disregard of the employer's rules, disregard of the standards of behavior that the employer has a right to expect from its employees, and disregard of the employee's duties and obligations to his or her employer. Rockin J Ranch, LLC v. Dir. , 2015 Ark. App. 465, 469 S.W.3d 368. Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. Id. There is an element of intent associated with a determination of misconduct. Id.
Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion do not constitute misconduct. Follett v. Dir. , 2017 Ark. App. 505, 530 S.W.3d 884. There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. Id. It is the employer's burden to establish misconduct by a preponderance of the evidence. Id.
In Whitmer , supra , the claimant was discharged after her incarceration caused her to miss work and was denied unemployment benefits. Id. She did not have any other problems with her attendance, and she had not received any disciplinary notices. Id. There, we held that this single instance of absence does not rise to the level of willful disregard of her employer's interest or indicate sufficient intent. Id. We reversed the denial of unemployment benefits because substantial evidence did not support the Board's ruling. Id.
In Follett , supra , a claimant was denied unemployment benefits when she was discharged for refusing to sign a reprimand. The claimant was reprimanded for failing to properly clean a milk pitcher, and she denied that she had failed to clean the pitcher. Id. She refused to sign the reprimand, and her employer discharged her. Id. The Board found that this refusal to sign the reprimand constituted misconduct, and we reversed the Board because there was no policy against refusing to sign a reprimand, and she was never informed that refusing to sign a reprimand would result in disciplinary action. Id. We held that under these circumstances, substantial evidence did not support a finding of misconduct.
In the present case, the Board based its finding of misconduct on the instances of Sandy's failure to provide a password to an internal auditor and his failure to timely process a fuel request. The Tribunal found that the facts supported a finding that these instances were merely the result of miscommunications, erroneous assumptions about his work, and new policies that were not known to Sandy. The evidence relied on by the Board merely shows that two tasks were not completed to the City's satisfaction. As we have said, mere inefficiency and unsatisfactory conduct do not constitute misconduct that will disqualify a claimant from unemployment benefits. The City has not presented evidence that Sandy intended to disregard his employer's interest. There is *873 no evidence that he knew his actions were in disregard of his employer's interest as there was no policy he knew of prohibiting his actions, and he had not previously been disciplined for those actions. Simply put, the City did not present any evidence that Sandy engaged in misconduct, because none of Sandy's actions allow a reasonable person to find that he disregarded his employer's interests. Therefore, substantial evidence does not support the Board's finding that Sandy engaged in misconduct.
Since substantial evidence does not support the Board's finding, we reverse and remand for an award of benefits.
Reversed and remanded.
Gruber, C.J., and Klappenbach, J., agree.