N. MARK KLAPPENBACH, Judge
Ordean Taylor appeals the decision of the Arkansas Board of Review (Board) denying her unemployment benefits upon finding that she was discharged for misconduct in connection with the work.[1] We hold that substantial evidence does not support the Board's finding of misconduct under Arkansas unemployment-compensation law. Therefore, we reverse and remand.
We review the Board's findings in the light most favorable to the prevailing party and affirm the Board's decision if it is supported by substantial evidence. Jones v. Dir. , 2015 Ark. App. 479, 470 S.W.3d 277. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Id. Even when there is evidence upon which the Board might have reached a different decision, the scope of our review is limited to a determination of whether the Board reasonably could have reached the decision it did based on the evidence before it. Id. Our function on appeal, however, is not merely to rubber stamp decisions arising from the Board. Id.
A person shall be disqualified from receiving unemployment benefits if it is determined that the person was discharged from his or her last work for misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a)(1) (Supp. 2015). Misconduct, for purposes of unemployment compensation, involves (1) disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior the employer has a right to expect of its employees, and (4) disregard of the employee's duties and obligations to the employer. Jones , supra. To constitute misconduct, however, there must be the element of intent. Id. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion do not constitute misconduct. Id. There must *422 be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. Id. It is the employer's burden to establish misconduct by a preponderance of the evidence. Rockin J Ranch, LLC v. Dir. , 2015 Ark. App. 465, 469 S.W.3d 368 ; see also Follett v. Dir. , 2017 Ark. App. 505, 530 S.W.3d 884.
Taylor was employed by the Department of Human Services (DHS) from 1998 until her termination on August 31, 2017. Taylor was a family service specialist, which required that she review whether recipients of food stamps remained eligible to receive those benefits. In June 2017, Taylor received a reprimand for failing to follow instructions in completing one of her cases. Taylor maintained that with regard to that case, she had verified that a mother and son had already received three months of benefits, which disqualified them from further benefits. Taylor filed a grievance to have her reprimand reviewed. In that proceeding, Taylor presented documentation to prove that she had processed the claim properly and should not have been reprimanded. This information was given to the grievance hearing officer by her union representative. The documentation included the names and social security numbers of the mother and son; those pieces of information were not redacted.
Her supervisors at DHS believed that this disclosure in the grievance hearing was a violation of DHS's confidentiality policy and that Taylor was aware of the policy because she had mandatory online training every six months. Taylor was subsequently terminated.
Taylor did not believe she had done anything wrong because she thought she was supposed to present supportive documentation at the grievance hearing, and this was an employer/employee proceeding at which the hearing officer accepted her documents. She had not been told that she could not bring supportive documentation nor had she been told to redact that particular information for her grievance hearing. Taylor did not take DHS files from the office but instead had a "screenshot" of that information. She was unaware of any DHS policy about such information being taken out of the DHS office.
Taylor filed a claim for unemployment benefits, which was denied at the agency level. At the Appeal Tribunal level, Taylor appeared but DHS did not. The Appeal Tribunal denied Taylor's claim, finding that Taylor was discharged for misconduct in connection with the work and stating in relevant part:
The claimant disclosed confidential information to someone not authorized to have the information in violation of policy.
....
The claimant did not get permission for use of the personal identifying information or redact the sensitive confidential records. The claimant showed deliberate disregard against the employer's interests.
Taylor appealed to the Board, and it affirmed and adopted the Appeal Tribunal decision as its own. This timely appeal followed.
In this case, there is no evidence to support a finding that Taylor knew that her actions were in disregard of DHS's interest. Taylor knew of no policy prohibiting her use of work documentation to support her own defense regarding a work-related reprimand. Taylor had never before been disciplined for any breach of confidentiality. Ordinary negligence in isolated instances or good-faith errors in judgment or discretion do not constitute misconduct. Jones , supra. There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness *423 or negligence of such degree or recurrence as to manifest wrongful intent or evil design. Id. DHS bore the burden to demonstrate that Taylor's actions rose to the level of wrongful intent sufficient to disqualify her from receipt of unemployment benefits. DHS failed to carry that burden here. None of Taylor's actions allow a reasonable person to find that she manifested "deliberate disregard" of her employer's interests. Compare Hubbard v. Dir. , 2015 Ark. App. 235, 460 S.W.3d 294 ; Price v. Dir. , 2013 Ark. App. 205, 2013 WL 1232103 (both holding that the employee committed an isolated instance of ordinary negligence or unsatisfactory conduct that did not establish wrongful intent or evil design). Under these circumstances, we hold that substantial evidence does not support the Board's finding of misconduct. See Sandy v. Dir. , 2018 Ark. App. 20, 542 S.W.3d 870.
Reversed and remanded.
Virden and Harrison, JJ., agree.

The appellate transcript lists appellant's first name as "Ordean," but the internal documentation indicates that the correct spelling is "Ordrean."