N. MARK KLAPPENBACH, Judge
Victoria Keith appeals the decision of the Arkansas Board of Review (Board) denying her unemployment benefits upon finding that she was discharged for misconduct in connection with the work. We hold that substantial evidence does not support the Board's finding of misconduct under Arkansas unemployment-compensation law. Therefore, we reverse and remand.
We review the Board's findings in the light most favorable to the prevailing party and affirm the Board's decision if it is supported by substantial evidence. Jones v. Dir. , 2015 Ark. App. 479, 470 S.W.3d 277. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Id. Even when there is evidence on which the Board might have reached a different decision, the scope of our review is limited to a determination of whether the Board reasonably could have reached the decision it did based on the evidence before it. Id. Our function on appeal, however, is not merely to rubber stamp decisions arising from the Board. Id.
A person shall be disqualified from receiving unemployment benefits if it is determined that the person was discharged from his or her last work for misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a)(1) (Supp. 2015). Misconduct, for purposes of unemployment compensation, involves (1) disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior the employer has a right to expect of its employees, and (4) disregard of the employee's duties and obligations to the employer. Jones , supra . To constitute misconduct, however, there must be the element of intent. Id. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion do not constitute misconduct. Id. There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. Id. It is the employer's burden to establish misconduct by a preponderance *298 of the evidence. Rockin J Ranch, LLC v. Dir. , 2015 Ark. App. 465, 469 S.W.3d 368. See also Follett v. Dir. , 2017 Ark. App. 505, 530 S.W.3d 884.
Keith was fired by Tyson on February 26, 2018, by Tyson after thirty-one years of employment. Keith was a line lead on the production and packaging of Mexican-food products for Tyson. She was terminated for having received two written warnings with a one-day suspension within one year.
The first warning was issued on March 12, 2017, after it was discovered that foreign materials were in the food being packaged. Some of the foreign material was metal, which was retrieved by using a magnet. Keith testified that she gave the metal to her supervisor, as she was supposed to do. Keith stated that she was unaware that the other foreign material (which did not respond to the magnet) was also supposed to be given to her supervisor, so she discarded the nonmetal material. The written warning stated that Keith failed to notify her supervisor about any of the foreign materials and discarded all the foreign material. Keith was given a one-day suspension for that error.
The second warning was issued on February 12, 2018. Part of Keith's job required that she check the stamping machine to ensure the correct month, day, and year was being placed on the packages. During her shift, Keith checked the machine but failed to ensure that the year was correct. The packages were being marked with 2017 instead of 2018, and this one-digit error resulted in many pallets being placed on hold. Keith was given a written warning with suspension, and this second warning triggered her termination. Keith acknowledged that she made a mistake, but she also noted that other people were responsible for checking the date stamping too. Tyson's human-resources supervisor acknowledged that other employees were also supposed to check the date stamping.
The Board found that Tyson had presented evidence to establish that Keith had received "progressive discipline warnings for job performance issues ... yet she continued to fail to perform the job duties as required," which was "considered evidence that claimant's failure to perform was intentional." The Board found that Keith was terminated for misconduct in connection with the work. This appeal followed.
In this case, there is no substantial evidence to support a finding that these two errors in Keith's work performance constituted intentional failure to perform her job. Keith made two completely different kinds of work errors, and those errors occurred almost a year apart. Ordinary negligence in isolated instances or good-faith errors in judgment or discretion do not constitute misconduct. Jones , supra . There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. Id. Tyson bore the burden of proving that Keith's actions rose to the level of wrongful intent sufficient to disqualify her from receipt of unemployment benefits. Tyson failed to carry that burden here. No reasonable person could conclude that these two workplace mistakes manifested deliberate disregard of Tyson's interests. Compare Hubbard v. Dir. , 2015 Ark. App. 235, 460 S.W.3d 294 ; Price v. Dir. , 2013 Ark. App. 205, 2013 WL 1232103 (both holding that the employee committed an isolated instance of ordinary negligence or unsatisfactory conduct that did not establish wrongful intent or evil design). Under these circumstances, we hold that substantial evidence does not support the Board's finding of misconduct.
*299 See Sandy v. Dir. , 2018 Ark. App. 20, 542 S.W.3d 870.
Reversed and remanded.
Whiteaker and Hixson, JJ., agree.