Cite as 2023 Ark. App. 352

# ARKANSAS COURT OF APPEALS
DIVISION I

No. E-22-601

| | |
|---|---|
| HERMAN HAMPTON<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DIVISION OF<br>WORKFORCE SERVICES, AND<br>UNCLE CHARLIE'S AUTO<br><br>APPELLEES | Opinion Delivered August 30, 2023<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br><br>[NO. 2022-BR-00238]<br><br>AFFIRMED |

**BART F. VIRDEN, Judge**

Appellant Herman Hampton appeals the denial of his claim for unemployment benefits. We affirm.

On July 7, 2021, the Division of Workforce Services (DWS) issued a determination denying Hampton's application for unemployment benefits. DWS found that Hampton was discharged from work for misconduct in connection with work pursuant to Ark. Code Ann. § 11-10-514 (Supp. 2021) because he was absent from work and failed to properly notify his employer. Hampton appealed the agency's denial to the Appeal Tribunal (Tribunal). Neither Hampton nor his employer appeared at the August 3, 2021 hearing to present testimony regarding Hampton's separation from work, and on the basis of the evidence provided, the Tribunal found that Hampton had been dismissed for misconduct in connection with work.

Hampton timely appealed to the Board of Review (Board), asserting that there was new evidence that he did not commit misconduct in connection with work, and he could not present the evidence because the hearing officer closed the hearing before he could attend. The Board remanded the case to the Tribunal to conduct a reopening hearing to determine whether Hampton had good cause for failing to appear at the August hearing. The Tribunal found that Hampton had shown good cause for failing to appear, and a new hearing was scheduled.

Hampton was the only witness at the January 6, 2022 hearing. Hampton testified that on September 17, 2019, he explained to his employer's mother (who was also the business manager) that he needed to go to California to be with his daughter who was having a medical emergency. Hampton worked through September 19, and after work, he left for California. When he arrived back at work on September 24, Hampton's employer told him that he no longer required Hampton's services as a mechanic. The Tribunal affirmed DWS's decision to deny benefits, relying on Hampton's July 6, 2021 written claimant's statement to DWS. The Tribunal affirmed DWS's decision to deny benefits, finding that Hampton had indicated that

> he did not return immediately due to having problems with his car and that he could not get back to work when he was scheduled. He further indicated that he contacted the employer a day or so later. He then was informed by the employer that he was discharged. Therefore, the claimant was discharged from last work for misconduct in connection with the work on account of no call no show.

Hampton appealed the Tribunal's decision to the Board. The Board affirmed the Tribunal's determination, also finding that in Hampton's July 6 claimant's statement, he

2

explained that he was discharged in September 2019 because he "was supposed to be back on a certain day and my car broke down and I couldn't get back when I was supposed to. It was a day or so later that I called them, and they said they had to let me go. I don't remember the exact date or anything." The Board found that Hampton's earlier written statement conflicted with his later testimony at the hearing; thus, even without testimony from the employer, Hampton's own disqualifying statement that he missed work without notifying his employer was most credible, and it established misconduct in connection with work. Hampton timely filed his notice of appeal.

On appeal, Hampton asserts for the first time that he called his employer before he was absent from work to inform his employer that he would be late getting back from California due to car trouble; thus, Hampton asserts that he did not engage in misconduct in connection with work. We decline to address the merits of this argument. It was not made below, and this court does not consider issues raised for the first time on appeal. *Rossini v. Dir.*, 81 Ark. App. 286, 101 S.W.3d 266 (2003). Moreover, Ark. Code Ann. § 11-10-529(c)(2)(A) (Supp. 2021) prohibits this court from receiving any additional evidence or testimony, and this court does not consider evidence that is not a part of the record on appeal. *See Vasquez v. Ark. Dep't of Hum. Servs.*, 2009 Ark. App. 575, 337 S.W.3d 552.[1]

---

[1]Additionally, Hampton asserts that he was fired for absenteeism; however, the record reflects that Hamton was discharged for misconduct in connection with work regarding his failure to inform his employer when he knew he would be absent from work.

We now turn to Hampton's argument that sufficient evidence does not support the finding that he was discharged for misconduct in connection with work. Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. Id. We view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if the evidence could support a different decision, our review is limited to whether the Board could have reasonably reached its decision based on the evidence presented. *Id.* Issues of credibility of the witnesses and weight to be afforded their testimony are matters for the Board to determine. *Welch v. Dir.*, 2019 Ark. App. 498, at 2, 588 S.W.3d 787, 788. However, our function on appeal is not merely to rubber-stamp Board decisions. *Taylor v. Dir.*, 2018 Ark. App. 442, 558 S.W.3d 420. Whether a claimant undertook an act of misconduct sufficient to prevent the receipt of unemployment benefits is a question of fact. *Schock v. Dir.*, 2022 Ark. App. 264, 646 S.W.3d 251. In the unemployment-compensation context, misconduct is defined as "(1) disregard of the employer's interests; (2) violation of the employer's rules; (3) disregard of the standards of behavior which the employer has a right to expect of his employees; or (4) disregard of the employee's duties and obligations to the employer." *Moody v. Dir.*, 2014 Ark. App. 137, at 6, 432 S.W.3d 157, 160. To constitute misconduct, there must be the element of intent. *Taylor, supra.* Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or

4

discretion do not constitute misconduct. *Id.* There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Id.* It is the employer's burden to establish misconduct by a preponderance of the evidence. *Id.*

Viewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings, we affirm. In *Parker v. Ramada Inn*, 264 Ark. 472, 572 S.W.2d 409 (1978), our supreme court held that the claimant, who missed work because he overslept, violated the standard of behavior that the restaurant operator had a right to expect. Likewise, here, we cannot say that the Board erred in relying on Hampton's written statement that he was absent from work without timely informing his employer. We affirm the Board's decision that Hampton's conduct was a violation of a standard of behavior that his employer had a right to expect. As stated above, our judicial review is limited to whether the Board reached a reasonable conclusion based on the evidence before it, and here, the Board based its conclusion on Hampton's own statement.

Additionally, Hampton asserts that his employer did not dispute his claim or offer conflicting evidence; thus, substantial evidence does not support the Board's finding of misconduct in connection with work. Hampton's argument is not well taken. As we discuss above, Hampton's own written statement supports the Board's finding of misconduct in connection with work, and the credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *See Cely v. Dir.*, 2022 Ark. App. 384, 653 S.W.3d 394. We affirm.

5

Affirmed.

KLAPPENBACH and WOOD, JJ., join.

*Alvin L. Simes*, for appellant.

*Dawn R. Kelliher*, for separate appellee Dr. Charisse Childers, Director, Arkansas Division of Workforce Services.